TODD, APPELLANT, *v.* GARNES, ADMR., BUREAU OF
UNEMPLOYMENT COMPENSATION, ET AL., APPELLEES.

(No. 75-404—Decided November 19, 1975.)

*Messrs. Boyd, Wyler & McKew* and *Mr. William S. Wyler,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Richard H. Lippert,* for appellees.

*Per Curiam.* As pertinent to this case, R. C. 4141.28(0) provides:

"Any interested party may, within thirty days after notice of the decision of the board was mailed to the last

known post office address of all interested parties, appeal from the decision of the board to the Court of Common Pleas * * *. Such appeal shall be taken within such thirty days by the appellant by filing a notice of appeal with the clerk of the Court of Common Pleas, with the board, and upon all appellees by registered mail to their last known post office address. * * * Proof of the filing of such notice with the board shall be filed with the clerk. * * * ''

Appellant admits that no notice of appeal was sent to the Board of Review within the 30 days required by R. C. 4141.28(O). He contends, however, that the 30-day filing requirement with the board is non-jurisdictional.

In *Zier* v. *Bureau of Unemployment Compensation* (1949), 151 Ohio St. 123, this court held such 30-day filing requirement to be jurisdictional:

''An appeal from a decision of the Unemployment Compensation Board of Review to the Court of Common Pleas is authorized by * * * [R. C. 4141.28], if perfected by filing a notice of appeal with the clerk of such court *and with the board of review within thirty days* of the mailing of notice of the decision of the board to the parties. * * * Compliance with these specific and *mandatory* requirements governing the filing of such notice is essential to invoke jurisdiction of the Court of Common Pleas. * * *'' (Emphasis added.)

Here, appellant did not file his notice of appeal with the board within 30 days of the time the board's decision was mailed. The Court of Common Pleas did not, therefore, acquire jurisdiction, and its dismissal of the attempted appeal of appellant was correct.

The judgment of the Court of Appeals, affirming the judgment of the Court of Common Pleas, is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.