Sun Refining & Marketing Company, Appellant, *v.* Brennan, Chief, Div. of Boiler Inspection, et al., Appellees.

[Cite as Sun Refining & Marketing Co. *v.* Brennan (1987), 31 Ohio St. 3d 306.]

(No. 86-1692—Decided July 29, 1987.)

Stanley L. Arabis, Spengler, Nathanson, Heyman, McCarthy & Durfee, James R. Jeffery and Susan B. Nelson, for appellant.

Anthony J. Celebrezze, Jr., attorney general, and Patrick A. Devine, for appellees.

LOCHER, J. The issue presented for our determination herein is whether an agency whose order is being appealed under R.C. 119.12 must fully comply with the procedural requirements of R.C. 119.09 before the fifteen-day appeal period begins to run. For the reasons set forth below, we reply in the affirmative.

In relevant part, R.C. 119.12 provides as follows:

"Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of his appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, *such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order* as provided in this section. * * *" (Emphasis added.)

Sun does not dispute that it failed to file its notice of appeal with the board within fifteen days after the board sent a copy of its decision to Sun's local attorney. Ordinarily, such a failure is fatal to the appeal. See *Zier* v. *Bur. of Unemp. Comp.* (1949), 151 Ohio St. 123, 38 O.O. 573, 84 N.E. 2d 746; *In re Claim of King* (1980), 62 Ohio St. 2d 87, 16 O.O. 3d 73, 403 N.E. 2d 200.

Sun argues that the state should be estopped from claiming that Sun failed to timely file its notice of appeal with the board, because Sun's attorney relied on the erroneous advice of an assistant attorney general that service by mail would suffice in the place of hand-delivery on that day. This argument is without merit. Principles of equitable estoppel generally may not be applied against the state or its agencies when the act or omission relied on involves the exercise of a governmental function. See *Sekerak* v. *Fairhill Mental Health Ctr.* (1986), 25 Ohio St. 3d 38, 39, 25 OBR 64, 65, 495 N.E. 2d 14, 15; *Griffith* v. *J.C. Penney Co.* (1986), 24 Ohio St. 3d 112, 113, 24 OBR 304, 305, 493 N.E. 2d 959, 961; *Chevalier* v. *Brown* (1985), 17 Ohio St. 3d 61, 63, 17 OBR 64, 66, 477 N.E. 2d 623, 625; *Besl Corp.* v. *Pub. Util. Comm.* (1976), 45 Ohio St. 2d 146, 150, 74 O.O. 2d 262, 265, 341 N.E. 2d 835, 838.

More persuasive is Sun's argument that compliance by an agency with the procedural requirements of R.C. 119.09 is a condition precedent to the running of the fifteen-day appeal period set forth in R.C. 119.12. In pertinent part, R.C. 119.09 states:

"After such order is entered on its journal, *the agency shall serve by certified mail, return receipt requested, upon the party affected thereby, a certified copy of the order* and a statement of the time and method by which an appeal may be perfected. A copy of such order shall be mailed to the attorneys or other representatives of record representing the party." (Emphasis added.)

Of the above requirements, the board only complied with the last, in that it mailed an uncertified copy of its decision to Sun's local attorney. The board failed to send Sun a certified copy of its decision by certified mail, return receipt requested. As Sun is the "party affected" by the board's decision, the board should have sent such a copy to Sun's refinery in Toledo, or even better, to Sun's corporate headquarters in Philadelphia, Pennsylvania. It is clear that the board has not complied with the procedural requirements provided in R.C. 119.09.

In *Proctor* v. *Giles* (1980), 61 Ohio St. 2d 211, 15 O.O. 3d 227, 400 N.E. 2d 393, we held that compliance by an agency with the procedural requirements of R.C. 4141.28(O) was a necessary precondition to the running of the thirty-day appeal period provided for in that statute. The agency in *Proctor* could not prove that it had ever mailed a copy of its decision to the affected party. The court likened R.C. 4141.28(O) to 4141.28(H),[1] and concluded that the provisions are similar "in that both establish the mailing date of the agency decision as the triggering point for appeal time to run." *Id.* at 213, 15 O.O. 3d at 228, 400 N.E. 2d at 395. In the case at bar, the procedural requirements of R.C. 4141.28(O) are similar to those of R.C. 119.09, and the appeal-period language of R.C. 4141.28(O) is similar to that of R.C. 119.12. It is therefore logical to conclude that the procedural requirements of R.C. 119.09 must be met before the running of the appeal period of R.C. 119.12 is triggered.

The same conclusion was reached by the Franklin County Court of Ap-

---

[1] In relevant part, R.C. 4141.28(H) and (O) provided as follows:

"(H) Any interested party may appeal the administrator's decision on reconsideration to the board and unless an appeal is filed from such decision on reconsideration with the board within fourteen calendar days after such decision was mailed to * * * the appellant such decision on reconsideration is final * * *."

"(O) Any interested party may, within thirty days after notice of the decision of the board was mailed to * * * all interested parties, appeal from the decision of the board to the court of common pleas * * *. Such appeal shall be taken within such thirty days by the appellant by filing a notice of appeal with the clerk of the court of common pleas, with the board, and upon all appellees by certified mail * * *. Such notice of appeal shall set forth the decision appealed from and the errors therein complained of. * * *"

It should be noted that R.C. 4141.28(O) has been amended since the decision of this court in *Proctor, supra.*

peals in *Haddix* v. *Liquor Control Comm.* (June 13, 1985), Franklin App. No. 85AP-124, unreported:

"We find that * * * R.C. 119.09 contemplates that * * * [the agency] will receive a return receipt with a signature of receipt or refusal. In this case, there is no evidence of either receipt or refusal * * *. *Although R.C. 119.12 provides that the time for appeal starts running when the notice is mailed, we find that the requirements for due process as provided under the United States and Ohio Constitutions are not complied with under the facts of this case.* * * *" (Emphasis added.)

As in *Proctor* and *Haddix,* the affected party herein, Sun, never received a copy of the agency's decision as required by statute. Due process has not been satisfied in this case. R.C. 119.12 provides only a short time for appeal of an agency's order, and thus it is important that an agency comply with the procedural requirements of R.C. 119.09, so that the affected party is put on notice of the agency's decision in time to pursue an appeal if it so desires.

We hold that the fifteen-day appeal period in R.C. 119.12 does not commence to run until the agency whose order is being appealed fully complies with the procedural requirements set forth in R.C. 119.09. Were we to hold otherwise, it is conceivable that an affected party could lose its right to appeal before receiving notice of an agency's decision, and thereby be deprived of its due process rights.

Accordingly, the decision of the court of appeals is reversed and the cause is dismissed.[2]

*Judgment reversed*
*and cause dismissed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

---

[2] When the board complies with R.C. 119.09 and sends Sun a certified copy of its decision by certified mail, return receipt requested, Sun may file a new notice of appeal within fifteen days after the date of mailing of the board's decision pursuant to R.C. 119.12.