OPINION
Appellant, Dale W. Hammon, appeals a judgment of the Columbiana County Common Pleas Court dismissing his appeal from a decision rendered by the Unemployment Compensation Review Commission.
On September 20, 1998, appellant was terminated by his employer, Ohio Edison Co. (Ohio Edison). Appellant filed an application for determination of benefit rights with the Ohio Bureau of Employment Services (OBES). Pursuant to R.C.4141.29 (D) (2) (a), the OBES allowed appellant's claim for unemployment compensation on the ground that appellant had been discharged without just cause.
Ohio Edison appealed this decision and the OBES issued a redetermination affirming the allowance of benefits. Ohio Edison then pursued an appeal to the Unemployment Compensation Review Commission (Review Commission). Following a hearing on January 29, 1999, the hearing officer reversed the OBES' redetermination and held that appellant had been discharged for just cause and benefits were denied.
On April 7, 1999, appellant filed a request for a review of his claim with the Review Commission. After ruling that the request for review was timely, the Review Commission, on July 2, 1999, disallowed the request for review.
On August 4, 1999, pursuant to R.C. 4141.28 (O), appellant filed an appeal of the Review Commission's January 29, 1999 and July 2, 1999 decisions in the Columbiana County Common Pleas Court, with a motion for leave to plead instanter. Appellee, Administrator of the OBES (OBES), represented by the state Attorney General's Office, filed a motion to dismiss appellant's appeal for lack of jurisdiction on the ground that the appeal was not filed within the 30 day time requirement set forth in R.C. 4141.28 (O). On August 27, 1999, the Columbiana County Common Pleas Court granted OBES' motion and denied appellant's motion for leave to plead instanter and dismissed appellant's appeal for lack of jurisdiction. This appeal followed.
Appellant alleges. in his sole assignment of error that:
 "THE LOWER COURT ERRED IN DENYING THE MOTION FOR LEAVE TO PLEAD, AND IN GRANTING THE MOTION TO DISMISS AS THE APPELLEE FAILED TO MEET ITS BURDEN OF PROOF AND ESTABLISH THE DATE OF MAILING THE DECISION BEING APPEALED."
The threshold question in this case is whether the date upon which the board of review mailed its decision denying appellant's claim for benefits was sufficiently established. The mailing date is important because the time allowed for filing a notice of appeal under R.C. 4141.28 (O) begins to run from the time the board of review mails its decision. R.C. 4141.28 (O) (1) provides in relevant part:
 "Any interested party * * *, within thirty days after notice of the decision of the commission was mailed to the last known post-office address of all interested parties, may appeal from the decision of the commission to the court of common pleas[.] * * * Such appeal shall be taken within such thirty days by the appellant by filing a notice of appeal with the clerk of the court of common pleas. Such filing shall be the only act required to perfect the appeal and vest jurisdiction in the court."
This provision is mandatory and failure to file a timely notice of appeal deprives the court of common pleas of jurisdiction to hear the appeal.[1] See Todd v. Games (1975),44 Ohio St.2d 56, 57. "While the thirty-day appeal deadline established in R.C. 4141.28 (O) is not a matter of discretion, the court's factual determination as to when that period began and expired is entitled to substantial deference." Druckenbrodv. Univ. of Akron (Feb. 28, 1996), Summit App. No. 17319, unreported, 1996 WL 84617 at *2. The resulting standard of review is a narrow one since "[a] reviewing court can not usurp the function of the triers of fact by substituting its judgment for theirs." Simon v. Lake Geauga Printing Co. (1982), 69 Ohio St.2d 41,45. The court's determination need only be supported by "some competent, credible evidence." C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279, syllabus.
When the OBES contests the timeliness of an appeal pursued under R.C. 4141.28 (O), it bears the burden of establishing the actual date of mailing. Proctor v. Giles (1980), 61 Ohio St.2d 211,213. Furthermore, notations on the review commission's decision is insufficient proof of such date. Id.
In this case, appellant filed his notice of appeal with the Columbiana County Common Pleas Court on August 4, 1999. Therefore, in order to show that appellant's appeal was untimely and that the common pleas court lacked jurisdiction, the OBES had to prove that the actual date of mailing of the Review Commission's decision was on or before July 4, 1999.
The OBES attached a copy of the Review Commission's decision to its motion to dismiss. A notation on the decision reflects that it had been mailed on July 2, 1999. However, as appellant correctly notes, this alone was insufficient to meet the OBES' burden of establishing the actual date of mailing. SeeProctor, supra.
As proof that the Review Commission's decision was in fact mailed on July 2, 1999, the OBES points to a Certification List (i.e., a certificate of mailing) prepared by the Review Commission for decisions mailed on July 2, 1999. The Certification List was not made a part of the OBES' motion to dismiss and was not a part of the record before the Columbiana County Common Pleas Court. According to the OBES, this Certification List was inadvertently excluded from the administrative record. The Certification List, along with an affidavit from the Review Commission certifying that it is a part of the administrative record for appellant's case, is attached to a motion to correct the record filed by the OBES and submitted to this court pursuant to App.R. 9 (E).
The Certification List actually consists of two signed certifications. The first person certified that "on the date and time shown below the decisions of the Review Commission listed above were enclosed in envelopes bearing the interested parties' addresses and submitted to the Ohio Bureau of Employment Services mail room for the affixing of proper postage." The second person certified that "proper postage was affixed to the above described envelopes on the above stated date and that said envelopes were deposited in the US. Mail on the date shown on the certification above." The first certification was signed at 3:36 p.m. on July 2, 1999, while the second certification was signed at 3:45 p.m. that same day.
It is apparent that these certifications refer to another document that was also attached to the Review Commission's decision. This other document listed the names and addresses of the interested parties regarding different OBES cases, including the one involving appellant. Thus, the Certification List shows that copies of the decisions listed on the other document were placed in envelopes and mailed to the appropriate parties on July 2, 1999. A certificate of mailing, like the one provided by the OBES on appeal to this court, has been held to be sufficient evidence to support a finding that the Review Commission's decision was mailed on a certain date. Druckenbrod,
1996 WL 84617 at *2.
The question remains, however, whether this court can consider the Certification List in making a disposition of this appeal. App.R. 9 (A) governs what may be included in the record on appeal, and provides, in pertinent part:
 "The original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases."
A review of the record in this case reveals that the Certification List was never filed in the trial court or otherwise made a part of the record before the trial court. Nor did the trial court in making its determination on OBES' motion to dismiss consider the Certification List. The Supreme Court of Ohio has ruled that an appellate court "cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus.
The OBES has attempted to supplement the record in this case with the Certification List by invoking App.R. 9 (E)[2] and submitting a notion to "correct" the record. Where the record of the proceedings in the trial court, either by error or by accident, is incomplete or incorrect, App.R. 9 (E) provides a mechanism whereby the record may be corrected or modified by stipulation of the parties, by the trial court, or by the court of appeals. Here, however, the Certification List was never made a part of the record of the proceedings in the trial court in the first instance. Therefore, appellant's motion to supplement or "correct" the record on appeal with the Certification List is hereby overruled.
Since the trial court's determination that appellant's appeal was not timely filed was based solely upon a notation appearing on the Review Commission's decision, the court's decision dismissing appellant's appeal was not supported by some competent, credible evidence. See Proctor, supra. Accordingly, appellant's sole assignment of error has merit.
The judgment of the trial court is hereby reversed and this case remanded for further proceedings according to law and consistent with this opinion.
Cox, J., concurs, Waite, J., concurs.
 ____________________ Gene Donofrio, Judge
[1] It has also been held that Civ.R. 6 (E), which provides an additional three days for responsive action when service is made by mail, is inapplicable to the thirty-day time limitation for filing a notice of appeal under R.C. 4141.28 (O). Proctor v.Giles (1980) 61 Ohio St.2d 211.
[2] App.R. 9 (E) provides:
 "(E) Correction or modification of the record
 "If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by. error or accident or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the court of appeals."