BLASKO, Appellant,

v.

OHIO STATE BOARD OF PHARMACY, Appellee.

[Cite as *Blasko v. Ohio State Bd. of Pharmacy* (2001), 143 Ohio App.3d 191.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 00 CA 98.

Decided May 15, 2001.

---

*James Gentile,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Sally Steuk,* Assistant Attorney General, for appellee.

VUKOVICH, Presiding Judge.

Plaintiff-appellant Robert Paul Blasko, R. Ph., appeals the decision of the Mahoning County Common Pleas Court that dismissed his appeal from the order of the Ohio State Board of Pharmacy on the grounds that the notice of appeal was untimely filed with the board. For the following reasons, the judgment of the trial court is affirmed.

Appellant was a pharmacist at Forum Health's Northside Hospital for eleven years. After investigating appellant in July 1999, the board suspended his pharmacist license. On November 9, 1999, the board held a dispositional hearing. On December 16, 1999, the board issued a decision that revoked appellant's license on various grounds. The board found that appellant violated multiple laws and is unfit to practice pharmacy due to an addiction. The board noted that appellant admitted that he regularly injected himself with morphine while at work, had been stealing morphine from the pharmacy since March 1999, and had

replaced that stolen morphine with sterile saline. The board also found that appellant stole hydrocodone bitartate from the pharmacy.

The board's decision was sent to appellant by certified mail on December 16, 1999. As evidenced by appellant's signature on the return receipt, he received the decision on December 17, 1999. On December 30, 1999, appellant filed notice of appeal in the trial court and mailed a copy to the Assistant Attorney General who represented the board. On January 4, 2000, appellant's counsel personally served the board with notice of appeal.

Thereafter, the board filed a motion to dismiss the appeal as untimely filed. The board argued that, even assuming that the board closed early on Friday, New Year's Eve, appellant's notice of appeal had to be filed with the board on Monday, January 3, 2000. A magistrate granted the board's motion to dismiss, stating that it lacked jurisdiction due to the untimely filed notice of appeal. Appellant filed timely objections, which the trial court overruled on April 18, 2000. Appellant then filed timely notice of appeal to this court.

Appellant's sole assignment of error provides:

"The court erred in dismissing the notice of appeal filed pursuant to R.C. [Chapter] 119."

Pursuant to R.C. 119.12, a party adversely affected by an order of an agency revoking a license may appeal to the trial court. To perfect his appeal, appellant shall file a notice of appeal with the agency and shall file a copy of the notice of appeal with the trial court. Both "notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order." As aforementioned, the board mailed notice of its order on December 16, 1999, but the board did not receive appellant's notice of appeal until January 4, 2000, when appellant's counsel personally delivered it to the board.

The failure to file notice of appeal with the board within fifteen days after the board mails its order is fatal to the appeal. *Sun Refining & Marketing Co. v. Brennan* (1987), 31 Ohio St.3d 306, 307, 31 OBR 584, 584–585, 511 N.E.2d 112, 113–114 (also explaining that before the start date is triggered by mailing, the board must comply with the procedural requirements of R.C. 119.09, such as sending a copy of its decision to the party affected by certified mail, return receipt requested). If notice of appeal is not timely filed with the board within the specified time frame, then the court lacks jurisdiction to hear the appeal. *Proctor v. Giles* (1980), 61 Ohio St.2d 211, 214, 15 O.O.3d 227, 229, 400 N.E.2d 393, 395–396; *Todd v. Garnes* (1975), 44 Ohio St.2d 56, 57, 73 O.O.2d 282, 282–283, 337 N.E.2d 790, 790; *Zier v. Bur. of Unemp. Comp.* (1949), 151 Ohio St. 123, 127, 38 O.O. 573, 574, 84 N.E.2d 746, 748. See, also, *Serenity Recovery Homes, Inc. v. Somani* (1998), 126 Ohio App.3d 494, 497, 710 N.E.2d 789, 791. Hence,

appellant does not contest that an untimely filing negates jurisdiction and requires dismissal of the appeal.

Initially, appellant alleges that if his notice of appeal was due on January 3, 2000, then it was timely filed because, on December 30, 1999, he mailed a copy of the notice to the Assistant Attorney General who represents the board. To assist us in arriving at the conclusion that the Assistant Attorney General received the notice in time, he mentions a "presumption of timely delivery" when notice is sent by mail and there is no evidence of the date of receipt. We note that the file contains a copy of appellant's notice of appeal that is time-stamped December 30, 1999, by the Attorney General's Health and Human Services Section. The board notes that appellant mailed the notice to the main address for the Attorney General's Office which is not where the Assistant Attorney General for the board is located. However, as will be demonstrated below, we need not address the issue of when the Assistant Attorney General received a copy of the notice of appeal.

The reason appellant engages in the above discussion is to argue that the Assistant Attorney General should have filed the notice of appeal with the board for him. He also proposes that service on the Assistant Attorney General is service on the board. Nevertheless, the statute explicitly requires that appellant file the notice of appeal with the board. R.C. 119.12. The duty lies with appellant, not the Assistant Attorney General. Additionally, as filing with a court requires a time-stamp for proof of filing, filing with the board also requires this time-stamp. The board's time-stamp was placed on the notice of appeal on January 4, 2000, which is the day that appellant's counsel delivered the notice.

Moreover, even if the board's attorney received the notice of appeal by mail within the fifteen-day period, case law establishes that service on the attorney representing the agency within the fifteen-day time frame for filing the notices of appeal does not constitute timely filing with the agency under R.C. 119.12. *Chorpenning v. Ohio Div. of Real Estate* (May 9, 1989), Washington App. No. 88CA7, unreported, at 2, 1989 WL 62709; *Holley v. Gallipolis Dev. Ctr.* (Aug. 20, 1984), Gallia App. No. 83CA7, unreported, 1984 WL 5605 (both Fourth District cases holding that neither service by mail on opposing counsel nor delayed filing with the board is an adequate substitute for timely filing notice of appeal with the board); *Anda–Brenner v. Ohio State Dental Bd.* (Aug. 11, 2000), Portage App. No. 99–P–0064, unreported, at 2, 2000 WL 1231723 (stating that the trial court lacked jurisdiction to hear an appeal where notice of appeal was filed in the court and a copy was served on the Assistant Attorney General, but notice of appeal was not timely served on the board itself). See, also, *Patrick Media Group, Inc. v. Cleveland Bd. of Zoning Appeals* (1988), 55 Ohio App.3d 124, 125, 562 N.E.2d 921, 922 (holding that mailing a copy of a notice of appeal that was

filed in the trial court to the city law director does not constitute filing the notice of appeal with the city board of zoning appeals); *Guy v. Steubenville* (Jan. 15, 1998), Jefferson App. No. 97–JE–22, unreported, at 3, 1998 WL 13866 (where we held that notice to the city law director is not adequate to perfect appeal where the statute requires filing notice with the civil service commission); *McMaster v. Akron Hous. Appeals Bd.* (Aug. 12, 1992), Summit App. No. 15462, unreported, at 1, 1992 WL 194255. Therefore, this argument fails.

■ Last, appellant argues that his notice of appeal should be characterized as timely filed because Civ.R. 6(E) extends the time required to do an act by three days where that person was served by mail. First, we should note that even if three days were added, appellant would still be required to file by January 3, 2000, as that date was only originally arrived at because the actual due date fell on New Year's Eve (Friday) and the board may have left early that day.

Second, the Ohio Supreme Court has held that Civ.R. 6(E) may not be used to extend the time for filing a notice of appeal with the relevant agency because the time limitation is jurisdictional. *Proctor*, 61 Ohio St.2d at 214, 15 O.O.3d at 229, 400 N.E.2d at 395–396 (regarding the thirty-day time limit for filing notice of appeal with the Unemployment Compensation Board of Review contained in R.C. 4141.28). Specifically, Civ.R. 82 states that the Civil Rules may not be construed to extend or limit the jurisdiction of the courts. The application of Civ.R. 6(E) would extend the jurisdiction of the court and is in direct violation of Civ.R. 82. *Id.* See, also, *Ramsdell v. Ohio Civ. Rights Comm.* (1990), 56 Ohio St.3d 24, 27–28, 563 N.E.2d 285, 288–289 (reaffirming the holdings of *Proctor*); *Townsend v. Bd. of Bldg. Appeals* (1976), 49 Ohio App.2d 402, 403, 3 O.O.3d 461, 462, 361 N.E.2d 271, 272 (stating that Civ.R. 6[E] is inapplicable to the time limit contained in R.C. 119.12 because Civ.R. 1(C) states that the rules are inapplicable to procedures on appeal to review any judgment order or ruling). Therefore, this argument is without merit.

For the foregoing reasons, the judgment of the trial court dismissing the appeal from the decision of the Ohio State Board of Pharmacy is hereby affirmed.

*Judgment affirmed.*

GENE DONOFRIO and WAITE, JJ., concur.