This timely appeal comes on for consideration upon the record in the trial court affirming the administrative decision of the Mahoning County Department of Human Services (hereinafter "Department") and the parties' briefs. Plaintiff-Appellant Irene Casey (hereinafter "Casey") appeals the trial court's decision upholding the Department's decision to revoke her certificate authorizing her to provide Type B childcare in the State of Ohio. The issue before us is whether Casey was denied due process of law during the certification revocation proceedings. For the following reasons, we affirm the decision of the trial court.
Casey was certified as a Type B daycare provider for several years. As such, she was authorized to provide services in her home to individuals eligible for state-subsidized childcare. Casey does not dispute she was provided with and was familiar with the relevant "Joshua Rules" which govern such childcare under Ohio Administrative Code 5101:2-14 and 2-16 and R.C. 5104, et seq.
On December 20, 1999, the Department notified Casey her Type-B Child Day Care Certificate (hereinafter "certificate") would be revoked, based upon several violations of the Joshua Rules. The violations arose about the time Casey went on vacation from August 28 to September 6, 1999. Although Casey apparently told her clients about her vacation plans, she did not inform the Department that she would not be providing day care during this period. To the contrary, she billed the Department for day care services allegedly performed on August 30 and 31, 1999.
Casey asserted her daughter Valerie performed the day care services in question on August 30 and 31, for which Casey paid her $1,400. This not only failed to mitigate Casey's failure to notify the Department of her absence, it also created the basis for a separate violation because Valerie is not an authorized child care giver under the Department's rules. Casey argued the parents of the children who received care entered into a side agreement directly with Valerie, who would provide private day care in lieu of the normal Department sanctioned care. Nonetheless, Casey actually billed the Department herself for care on August 30 and 31, and in-turn paid Valerie directly, without the knowledge of the Department.
Approximately nine months before her Review Hearing, Casey was also cited for billing the Department for childcare for a child who already was being cared for by a different care provider. Lastly, the Department asserted Casey failed to accurately describe the composition of her home as required by the Joshua Rules. Specifically, Casey was inaccurate or untruthful in not disclosing the number of family members living in her home with her. Through postal verifications and actual visits to Casey's home, the Department determined Casey's son Daryl and granddaughter Dawn lived with her in her home where the daycare was provided.
Based upon the foregoing, the Department determined it would terminate its day care contract with Casey and revoke her certification. The Department notified Casey of these intentions by mail on December, 20, 1999.
Upon receiving notice the Department intended to revoke her certificate, Casey requested an administrative appeal. An Appeal Review Hearing was held on January 11, 2000 before Hearing Officer John Gargano. Casey appeared pro se. After considering the evidence, the hearing officer denied Casey's appeal. The Department revoked Casey's Type B childcare provider certificate on February 3, 2000. Casey appealed the revocation of her certificate pursuant to R.C. 119 et seq. to the Mahoning County Common Pleas Court. The trial court concluded the Department's decision to revoke the certificate was supported by reliable, probative, and substantial evidence.
Casey's first assignment of error alleges:
 "The failure of a state agency to comply fully with the requirements of the Administrative Procedure [sic] Act prior to the revocation of a state license is a violation of the requirements of due process as provided under the United States and the State of Ohio Constitutions. Upon a showing of such a failure to comply, the decision of the agency must be reversed by the trial court. Therefore, the decision of the trial court in this case must be reversed."
Casey contends she was denied due process alleging she was not mailed a notice of the Department's decision via certified mail and was not provided a certified copy of the decision pursuant to R.C. 119.09.
The relevant portion of 119.09 reads:
 "After such order is entered on its journal, the agency shall serve by certified mail, return receipt requested, upon the party affected therby, a certified copy of the order and statement of the time and method by which an appeal may be perfected. A copy of such order shall be mailed to the attorneys or other representative of record representing the party."
Casey relies upon Sun Refining Marketing Co. v. Brennan, 1987),31 Ohio St.3d 306, 511 N.E.2d 112, 31 O.B.R. 534, Proctor v. Giles
(1980), 61 Ohio St.2d 211, 400 N.E.2d 393, 15 O.O.3d 227 and In theMatter of Haddix (June 13, 1985), Franklin App. No. AP-124, unreported, for her claim she was denied due process due to technical mistakes in the mailing of her revocation notice. However, the appeal to the trial court in each of those cases were dismissed because the respective appeals were not made timely due to the malfeasance of the agency involved, and thus, making irrelevant the issue of whether the notification mailings were done properly.
In the case at bar, Casey was not denied the opportunity to make a timely appeal. Although she complaints she was denied due process because her notice was not sent via certified mail and was not a certified copy, the record shows she was mailed notification via certified mail, and was sent an original document, thereby negating the need for a certified copy. Further, as Casey was not represented by an attorney at that point of this process, there was no attorney or representative to notify.
Given the state of the record, the balance of Casey's assigned error arguing due process violations is moot. Casey's first assignment of error is meritless.
Casey's second assignment of error alleges:
 "The failure of the Mahoning County Department of Human Services to comply fully with the requirements of the Ohio Revised Code and the Ohio Administrative Code regarding procedures to be followed prior to the revocation of a state required license is a violation of due process of law. Therefore, in such circumstances the decision of the agency must be reversed and the decision of a trial court which fails to reverse such a decision, upon appeal must itself be reversed."
This error is predicated upon the hearing officer's alleged failure to follow proper procedure. Casey argues certain procedural errors at the hearing amount to a due process violation. The thrust of her argument is that because the hearing officer failed to follow the literal strictures of O.A.C. 5101:2-14-40(N), she was confused and unable to defend herself. To the extent that Casey attempts to incorporate her confusion and dissatisfaction with the Department's evidence into her claim of procedural error, her assertions are meritless.
The record indicates that although the hearing officer named the parties, counsel, and witnesses present at the hearing, and he clearly articulated the issue for review, he did not state his name and introduce himself as the presiding hearing officer. Citing O.A.C. 5101:2-14, Casey argues that at the outset of the hearing, she was entitled to know "who this hearing officer was and what his role in the hearing was" before she was put "into the position of trying to defend herself." Casey claims that absent the required information, "[s]he was forced to proceed under a cloud of uncertainty." At no point in the record does Casey allege she requested the hearing officer to identify himself. It appears the situation was an inadvertent act of omission.
Casey next asserts the hearing officer committed prejudicial error at the hearing by considering "Agency Exhibits Nos. 3 through Agency Exhibit No. 13 consist[ing] of 29 pages of various information, some typed, some handwritten; many by unknown or unidentified authors and on dates ranging from 12/1/98 through 12/9/99." Casey has neither alleged the contents of the agency's documents were inaccurate, nor presented contrary evidence of her own.
Casey finally contends the hearing officer failed to give a framework within which he expected to render his decision and he was excessively conclusory in reaching his decision. Pointing to the hearing officer's conclusion, "Based upon the review of all the evidence submitted by testimony and documentation, Mrs. Casey's appeal is hereby denied," Casey contends the hearing officer's decision lacked requisite findings of fact and accurate description of the actual issues that were before him on appeal. Pursuant to O.A.C. 5101:2-14-40(N), the hearing officer was required to include the following elements in his decision:
"(1) the action which was appealed;
(2) the findings of facts;
(3) citation of the relevant Admin. Code Rule;
(4) outcome of the appeal on each issue addressed."
Although not presented in precisely this fashion, the hearing officer's decision contains the statutorily required information.
The primary procedural safeguard designed to prepare a defendant for a hearing is notice, and in this case, Casey clearly had notice because she requested the hearing. At least one court has held that "[a]ppellant's own failure to avail herself of the opportunity to prepare and present her defense to the charges levied by the board does not result in a lack of due process but, rather, a lack of diligence on her part." Froug v.Ohio Bd. of Nursing (Feb. 1, 2001), Franklin App. No. 00AP-523, unreported. Though the appellant in that case did not attend the hearing, the rationale that one has an obligation to prepare themselves for a hearing is applicable to the case at bar.
"The fundamental requirement of procedural due process is notice and hearing, that is, an opportunity to be heard." Korn v. Ohio StateMedical Bd. (1988), 61 Ohio App.3d 677, 684, 573 N.E.2d 1100, 1105, citing Luff v. State (1927), 95 Ohio St. 191, 116 N.E. 42. In the case at bar, the record discloses Casey was afforded both notice and a reasonable hearing, though there may have been minor technical errors in the hearing procedure. When conducting a hearing, "[a]n error or defect in a proceeding may be disregarded as long as it does not substantially affect the rights of a party." Cunningham v. Goodyear Tire Rubber Co., (1995), 104 Ohio App.3d 385, 662 N.E.2d 73. Casey has failed to show she was prejudiced.
The Department informed Casey it was revoking her certificate for violations of specified Joshua Rules. The Department was not obligated to further prepare Casey to defend herself at the hearing. Although the language of R.C. 119.09 admittedly pertains to the securing of witnesses and production of books, records, or papers at the request of a party for the purpose of conducting an adjudication hearing, it does not provide for pre-hearing discovery by a party to the adjudication hearing. OhioState Bd. of Pharmacy v. Frantz (1990), 51 Ohio St.3d 143, 555 N.E.2d 630. Casey's second assignment of error is meritless.
Lastly, the State has presented us with an argument in support of the determination of the trial court that the decision to revoke Casey's certification was "supported by reliable, probative, and substantive evidence in the record." Although the trial court's finding as such is quoted by Casey in her brief, it is not offered as an assignment of error. As the trial court's decision in that regard is not being challenged, we will not address the issue. See App.R. 12, App.R. 16.
For the preceding reasons, Casey's assignments of error are meritless. The trial court's decision upholding the Department's revocation is affirmed.
Vukovich, P.J., and Waite, J., concurs.