OPINION
This is the second time this matter has come before this Court. InHammon v. Ohio Edison Co. (June 30, 2000), Columbiana App. No. 99-CO-63, unreported (hereinafter "Hammon I"), we reversed the Columbiana County Common Pleas Court's dismissal of Appellant's unemployment compensation administrative appeal. The court of common pleas dismissed the case due to Appellant's supposed failure to timely file the administrative appeal within thirty days, pursuant to former R.C. § 4141.28(O)(1). This Court reversed the decision because Appellees failed to provide the trial court with acceptable proof of the date that the Unemployment Compensation Review Commission mailed its decision to Appellant. This mailing date should have triggered the thirty-day appeal period. See former R.C. § 4141.28(O)(1). On remand, Administrator, Ohio Bureau of Employment Services ("Appellee"), submitted the missing certificate of mailing to the trial court and again filed a motion to dismiss the administrative appeal. The motion was granted by the trial court. This matter is before us for the second time on the same issue: the timeliness of the filing of Appellant's administrative appeal.
A brief recounting of a few salient facts of this case is in order. Dale W. Hammon ("Appellant") was terminated by his employer, Ohio Edison Co., on September 20, 1998. Appellant filed an application for determination of benefit rights with the Ohio Bureau of Employment Services (OBES). OBES granted his claim for unemployment compensation. Ohio Edison Co. appealed the decision to the Unemployment Compensation Review Commission ("Review Commission"), and on January 29, 1999, the OBES decision was reversed on the basis that Appellant had been discharged for just cause.
Appellant filed a request for review of his claim with the Review Commission on April 7, 1999. The Review Commission denied the request on July 2, 1999.
On August 4, 1999, pursuant to former R.C. § 4141.28(O), Appellant filed an appeal of the Review Commission's January 29, 1999, and July 2, 1999 decisions in the Columbiana County Court of Common Pleas. On August 13, 1999, Appellee filed a motion to dismiss Appellant's administrative appeal for lack of jurisdiction because the appeal was not filed within thirty days of mailing of the July 2, 1999, decision of the Review Commission, as required by former R.C. § 4141.28(O). On August 27, 1999, the common pleas court granted Appellee's motion and dismissed the administrative appeal.
On September 23, 1999, Appellant filed his first notice of appeal with this Court. On June 30, 2000, this Court released its Opinion, which reversed the decision of the court of common pleas and remanded the case for further proceedings. Hammon I, supra, at 3. This Court held that Appellee did not provide sufficient proof of the date of mailing of the decision of the Review Commission; that a notation of the date of mailing on the Review Commissions's decision itself was insufficient proof of the date of mailing; and that this Court could not consider a certification list of mailing submitted to us because this evidence was not properly submitted as part of the record in the lower court proceedings. Id.
On July 18, 2000, Appellee filed a second motion to dismiss with the common pleas court, this time attaching a copy of the Certification List to the motion. On August 1, 2000, the court of common pleas again granted Appellee's motion and dismissed the administrative appeal a second time for lack of jurisdiction. On August 31, 2000, Appellant filed this timely appeal.
Appellant's sole assignment of error contends:
 "THE LOWER COURT ERRED IN RULING IN FAVOR OF APPELLEE'S SECOND MOTION TO DISMISS, AS THE DOCTRINE OF RES JUDICATA PRECLUDED THE RELITIGATION OF THE SAME ISSUE DECIDED UPON BY THIS HONORABLE COURT."
Appellant argues that Appellee was precluded from relitigating the issue as to whether Appellant's administrative appeal was timely filed. Appellant argues that the doctrine of res judicata prevents a party from relitigating an issue that had been adjudicated by a court of competent jurisdiction. See Norwood v. McDonald (1943), 142 Ohio St.3d 299, 305. Appellant distinguishes two branches of res judicata: claim preclusion and issue preclusion. Claim preclusion bars the bringing of a second suit between the same parties on the same issues. Holzemer v. Urbanski
(1999), 86 Ohio St.3d 129, 133. Issue preclusion, formerly known as collateral estoppel, prevents a party from relitigating a fact or issue that was actually and directly litigated in a prior action, Whitehead v.Gen. Tel. Co. (1969), 20 Ohio St.2d 108, paragraph two of syllabus;Thompson v. Wing (1994), 70 Ohio St.3d 176, 183.
Appellant argues that issue preclusion applies to the only fact in dispute in this appeal: whether Appellant's August 4, 1999, administrative appeal was timely filed. Appellant points out that the parties previously litigated this issue in the common pleas court, which decision ultimately was appealed to this Court. Appellant states that on appeal, we held that the burden of proof was on Appellee to establish the date of mailing of the Review Commission decision and that Appellee did not provide sufficient evidence of the date of mailing. Hammon I, supra,
at 3. Appellant maintains that in the above proceeding, Appellee tried to establish a factual issue, failed to do so, and should not be permitted to litigate the exact issue again.
Appellee argues in rebuttal that the thirty-day appeal period of former R.C. § 4141.28(O) is mandatory and jurisdictional, citing McCruterv. Board of Review (1980), 64 Ohio St.2d 277, 280. Appellee contends that on remand, the proper evidence establishing that Appellant's administrative appeal was filed late was presented to the trial court. Appellee submits that res judicata should not apply to this case because the doctrine only applies to a second and wholly new suit brought by or against the same parties or those in privity with them. Appellee contends that the instant appeal is part and parcel of the original lawsuit between the parties, thus, Appellee is not attempting to relitigate a prior claim or action.
Appellee also argues that the issue raised in its July 18, 2000, motion to dismiss involved the subject matter jurisdiction of the court of common pleas. Appellee asserts that subject matter jurisdiction can never be waived and can be raised at any stage of the proceedings, citingProctor v. Giles (1980), 61 Ohio St.2d 211, 212-212, in support. Appellee contends that it was proper to raise the issue of subject matter jurisdiction during the remand stage of the proceedings.
Because we believe that the earlier proceedings in this matter serve to bar Appellee's subsequent actions, we must reverse the decision of the trial court. In so doing, we base our decision on the "law of the case" doctrine in addition to the doctrine of res judicata.
As the issue on review is solely that of the applicability of certain aspects of a legal doctrine, that of res judicata, this Court utilizes ade novo standard of review. Ohio Bell Tel. Co. v. Pub. Util. Comm. (1992), 64 Ohio St.3d 145, 147.
Appellant has properly outlined the doctrine of res judicata and its two branches; claim preclusion and issue preclusion. Appellant relies on issue preclusion as the basis of its argument on appeal. We note that the term "issue preclusion" has confusingly been used to describe aspects of both the doctrine of res judicata and the doctrine of the law of the case. See Hubbard ex rel. Creed v. Sauline (1996), 74 Ohio St.3d 402,404; Holzemer, supra, 86 Ohio St.3d at 133. Because res judicata
generally involves a second lawsuit, as pointed out by Appellee, issue preclusion as a form of res judicata appears not to apply to the instant case.
Issue preclusion as an element of the doctrine of the law of the case does apply to the case at bar. In Nolan v. Nolan (1984), 11 Ohio St.3d 1,3-4, the Ohio Supreme Court summarized the doctrine of the law of the case:
 "* * * [T]he decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. * * *
 "The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. * * * However, the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution.
 "In pursuit of these goals, the doctrine functions to compel trial courts to follow the mandates of reviewing courts. * * * Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law. * * * Moreover, the trial court is without authority to extend or vary the mandate given." (Citations omitted.)
The doctrine of the law of the case, "precludes a litigant from attempting to rely on arguments at retrial which were fully pursued, oravailable to be pursued, in a first appeal. New arguments are subject to issue preclusion, and are barred." Hubbard ex rel. Creed, supra,74 Ohio St.3d at 404-405 (emphasis added). A lower court must follow the mandate of its court of appeals, whether correct or incorrect, absent extraordinary circumstances such as an intervening decision by the Supreme Court. State ex rel. Sharif v. McDonnell (2001), 91 Ohio St.3d 46,48.
Thus, the key issue is whether the factual dispute over the timeliness of Appellant's administrative appeal was actually litigated in the proceedings leading up to this Court's previous Hammon I decision. Our review of the record reflects that the issue was, in fact, fully litigated.
The record reveals that Appellant filed his administrative appeal, pursuant to former R.C. § 4141.28(O), on August 4, 1999. Appellee filed its original motion to dismiss on August 13, 1999. The only supporting document attached to this motion was a copy of the Review Commission decision denying Appellant's request for review on the case. (8/13/99 Motion, State's Exh. A). On August 16, 1999, the trial court notified the parties by letter, and filed a corresponding entry, that the motion to dismiss would be decided on the briefs on August 26, 1999, and that no appearance was necessary. Neither party objected to the August 26, 1999, deadline or the lack of a formal hearing.
On August 25, 1999, Appellant filed a response to Appellee's motion to dismiss. In the memo attached to this filing, Appellant first raised the issue that a notation of the date of mailing contained in the decision by the Review Commission was not sufficient evidence of the date of mailing, citing Proctor v. Giles (1980), 61 Ohio St.2d 211, 212-213. This is the same case on which this Court ultimately relied in Hammon I,supra. Appellant also argued that Appellee had the burden of proving the date of mailing, again citing Proctor, supra, at 213. Appellee did not offer any additional proof to substantiate the date of mailing and did not further respond to Appellant's legal analysis. Certainly, the correct evidence was "available to be pursued" at the time. The trial court filed its decision on August 27, 1999, sustaining the motion to dismiss, based on the material submitted by the parties. It was this decision which was reversed by Hammon I, supra.
Appellee knew or certainly should have known in the proceedings below that it had the burden of proving a factual matter, namely, the date of mailing. Appellee knew or should have known that it submitted insufficient evidence of the date of mailing in light of the holding inProctor. Whether by choice or by oversight, Appellee failed to submit relevant evidence of the date of mailing. Upon receipt of Appellant's arguments on this issue, Appellee did not request a continuance of the non-oral hearing or request a full oral hearing. Therefore, it appears from the record that Appellee was satisfied with the evidence it presented and the procedure used by the court. Unlike in a summary judgment proceeding, where the idea is to present evidence as to an area of law and thus, cut short litigation on the issue raised therein, a motion to dismiss is a full adjudication on the merits of an issue. The subsequent judgment entry was based, then, on what appears to be a full and fair adversarial litigation process.
Furthermore, this Court based its Hammon I decision on the insufficiency of Appellee's evidence: "the [trial] court's decision dismissing appellant's appeal was not supported by some competent, credible evidence." Id. at **3. In fact, the decision was not supported by any appropriate evidence. Sufficiency of the evidence is a question of law and determines whether a party is entitled to judgment when the evidence is construed most strongly in favor of the prevailing party.Hartford Cas. Ins. Co. v. Easley (1993), 90 Ohio App.3d 525, 530. This Court made a legal determination in Hammon I that there was insufficient evidence of record that the appeal was untimely filed. That legal determination is now the law of this case.
Based on the foregoing analysis, it is clear that this Court made a legal determination in Hammon I that the court of common pleas had subject matter jurisdiction over the administrative appeal. On remand, Appellee attempted to relitigate the exact issue we previously determined against it when we remanded the matter for trial on the merits. Based on the law of the case doctrine, Appellee cannot be permitted to rely on new evidence to achieve a different result on remand. Again, unlike summary judgment, where we simply decide on appeal whether there is an issue of fact sufficiently disputed by the parties so that the matter should have further evidence presented in order to clear up the question of fact, this motion to dismiss was purported to be fully and completely litigated by the parties in the court's initial determination. Appellee is merely trying to submit evidence it could have and should have put before the court initially. This evidence is not additional proof, it is meant tosubstitute for the evidence presented in Hammon I. The decision of the trial court to procedurally dismiss Appellant's administrative appeal a second time is hereby reversed.
As to Appellee's argument that subject matter jurisdiction can be raised at any time and cannot be waived, Appellee is only partially correct. "Although adverse parties may not confer jurisdiction upon a court by mutual consent, where none would otherwise exist, they may stipulate to the truth of facts that are sufficient to confer jurisdiction." Beatrice Foods Co. v. Porterfield (1972),30 Ohio St.2d 50, paragraph two of syllabus. In this way a party can be estopped from challenging either the facts which establish jurisdiction, or the facts which defeat jurisdiction. In re Palmer (1984),12 Ohio St.3d 194, 196. Appellee is attempting to relitigate a fact which would defeat subject matter jurisdiction. Although either party can raise the issue of subject matter jurisdiction at any time, Appellee is estopped from challenging this issue once it has been raised and completely litigated in Hammon I. Because it did not provide the appropriate evidence in litigation of this issue the first time, when it had opportunity to do so, Appellee has, in effect, waived objection to this issue.
We conclude that as the specific factual issue on appeal was previously fully litigated, the law of the case doctrine prevents Appellee from retrying the same issue below or in this appeal. Appellant's assignment of error has merit and the dismissal of his administrative appeal is reversed. This matter is remanded to the trial court for further proceedings according to law and consistent with this Opinion.
Donofrio, J., concurs.
Vukovich, P.J., dissents; see dissenting opinion.