DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas, in an administrative appeal from a decision of the Ohio *Page 2 
Unemployment Compensation Review Commission. Because we conclude that the trial court erred in denying appellant's motion to dismiss for lack of jurisdiction, we reverse and vacate.
 {¶ 2} In January 2006, Darlene Wilson filed a claim for unemployment compensation benefits with appellant, Ohio Department of Job and Family Services ("ODJFS), after appellee, her employer, Tru-Way Design and Engineering, Inc. ("Tru-Way"), terminated her employment. In the initial "Determination," Wilson's claim was disallowed, based on a finding that she had been terminated for just cause. This decision was affirmed by a "Redetermination." After an administrative appeal was heard by the Unemployment Compensation Review Commission ("UCRC"), the decision was reversed, and benefits were reinstated to Wilson. The UCRC then denied Tru-Way's request for further review, and a final decision was issued and mailed on November 7, 2006. The letter informed all interested parties, including Tru-Way, that an appeal could be taken by filing a notice of appeal within 30 days of the date of mailing, with the court of common pleas of the county where an employer is a resident or has the principal place of business.
 {¶ 3} Tru-Way, via a letter from Daniel Bastian, a "representative" of the company,[1] mailed a letter, in pleading format, to the Lucas County Court of Common Pleas, seeking to "file a case" regarding the decision of the UCRC. The Director of *Page 3 
ODJFS moved to dismiss the appeal based on lack of jurisdiction, alleging that the notice was untimely filed and the appeal was filed on behalf of a corporation by a non-attorney.
 {¶ 4} Evidence was presented that Tru-Way mailed its appeal notice on December 3, 2006, via certified mail. The court clerk signed for the notice on December 8, 2006, and the notice was then actually filed on December 12, 2006. The court determined that, although the appeal was received and was filed by the clerk after the 30-day deadline, the notice was mailed before the 30-day deadline. As a result, the court denied the motion to dismiss the case for untimeliness. The court did not address the non-attorney filing issue. Ultimately, the trial court then reviewed the appeal on the merits and reversed the UCRC decision, finding that Wilson had been terminated for just cause.
 {¶ 5} Appellant now appeals from that decision, arguing the following sole assignment of error:
 {¶ 6} "The lower court lacked subject matter jurisdiction to consider the unemployment appeal filed by Appellee Tru-Way Design Engineering, Inc; therefore, the lower court erred by not dismissing the appeal."
 {¶ 7} Appellant argues that the trial court lacked jurisdiction because: (1) the notice of appeal was legally defective since it was filed by a representative of Tru-Way, and (2) that the notice of appeal was untimely.
 {¶ 8} We will first address appellant's second argument, in which it argues that Tru-Way's notice of appeal was untimely. *Page 4 
 {¶ 9} If a trial court, upon appeal of a decision of the commission, finds that the commission's decision was "unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission." R.C.4141.282(H). The same standard applies to an appellate court's review.Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Serv. (1995),73 Ohio St.3d 694, 697.
 {¶ 10} "Any interested party, within thirty days after written notice of the final decision of the unemployment compensation review commission was sent to all interested parties, may appeal the decision of the commission to the court of common pleas." R.C. 4141.282(A). R.C.4141.282(I) provides, in part:
 {¶ 11} "(I) FAILURE TO FILE APPEAL WITHIN THIRTY DAYS
 {¶ 12} "If an appeal is filed after the thirty-day appeal period, the court of common pleas shall conduct a hearing to determine whether the appeal was timely filed under division (D)(9) of section 4141.281 of the Revised Code. At the hearing, additional evidence may be introduced and oral arguments may be presented regarding the timeliness of the filing of the appeal."
 {¶ 13} R.C. 4141.281(D)(9), which addresses specifically how the time for appeal is counted or may be extended, pertaining to the administrative levels and to the common pleas court, states:
 {¶ 14} "The time for filing an appeal or a request for review under this section or a court appeal under section 4141.282 of the Revised Code shall be extended in the manner *Page 5 
described in the following four sentences. When the last day of an appeal period is a Saturday, Sunday, or legal holiday, the appeal period is extended to the next work day after the Saturday, Sunday, or legal holiday. When an interested party provides certified medical evidence stating that the interested party's physical condition or mental capacity prevented the interested party from filing an appeal or request for review under this section within the appropriate twenty-one-day period, the appeal period is extended to twenty-one days after the end of the physical or mental condition, and the appeal or request for review is considered timely filed if filed within that extended period. When an interested party provides evidence, which evidence may consist of testimony from the interested party, that is sufficient to establish that the party did not actually receive the determination or decision within the applicable appeal period under this section, and the director or the commission finds that the interested party did not actually receive the determination or decision within the applicable appeal period, then the appeal period is extended to twenty-one days after the interested party actually receives the determination or decision.When an interested party provides evidence, which evidence may consistof testimony from the interested party, that is sufficient to establishthat the party did not actually receive a decision within the thirty-dayappeal period provided in section 4141.282 of the Revised Code, and acourt of common pleas finds that the interested party did not actuallyreceive the decision within that thirty-day appeal period, then theappeal period is extended to thirty days after the interested partyactually receives the decision." (Emphasis added.) *Page 6 
 {¶ 15} In addition, Civ.R. 82 states that the "[civil] rules shall not be construed to extend or limit the jurisdiction of the courts of this state." The Supreme Court of Ohio has specifically noted that the mailbox rule under Civ.R. 6(E) does not apply to extend the 30-day time limitation for filing a notice of appeal from the determination of the Unemployment Compensation Review Commission. Proctor v. Giles (1980),61 Ohio St.2d 211, 214 (construing former R.C. 4141.28, which was recodified as current R.C. 4141.282). See, also, Todd v. Garnes (1975),44 Ohio St.2d 56; and Zier v. Bureau of Unemployment Compensation
(1949), 151 Ohio St. 123, paragraph two of the syllabus (compliance with the filing of notice requirement with the board of review under the predecessor to R.C. 4141.28(O) "is essential to invoke jurisdiction of the Court of Common Pleas"). The Proctor court noted that, since the time limitation for filing a notice of appeal is jurisdictional, an extension of this limitation by the application of Civ.R. 6(E) to R.C.4141.28 would serve to expand the jurisdiction of the court of common pleas, in direct violation of Civ.R. 82.
 {¶ 16} Thus, the only reason that an appeal period may be extended when appealing to the common pleas court is when the appeal deadline falls on a Saturday, Sunday, or holiday or the party did not receive the decision within the 30-day appeal period. See R.C. 4141.281 and4141.282. Delays in the mail will not extend the time for filing the notice of appeal. See Proctor, supra.
 {¶ 17} In this case, although not referenced directly, the common pleas court was apparently applying the three day mail rule. The court deemed that, because the notice of *Page 7 
appeal was "postmarked three days before" the 30-day filing deadline, it found no reason to dismiss the claim for failure to timely appeal the decision. The court further noted that Tru-Way had submitted evidence that "demonstrates its efforts to comply with the appropriate thirty-day appeal time" by a certified mail receipt showing that the clerk of courts received the notice one day late. We find nothing in Ohio statutes or cases governing unemployment benefit appeals to the common pleas court which deems the day of mailing to be the date for filing the appeal or that making "efforts to comply" is sufficient to extend the deadline.[2] On the contrary, under Proctor, Zier, and Todd, the jurisdiction of the court may not be extended by the mailbox rule, or, in our view, any similar rationale based on postal system delays.
 {¶ 18} Likewise, no evidence was presented that appellee received the notice beyond the 30-day time limit or that any other extension circumstance under R.C. 4141.281(D)(9) applied. Consequently, even if the clerk had filed the notice on the day it was received, it was beyond the 30-day deadline and would have been, thus, untimely. Therefore, since the common pleas court's jurisdiction was not properly invoked, we conclude that it erred in denying appellant's motion to dismiss the appeal for lack of jurisdiction. *Page 8 
 {¶ 19} Accordingly, appellant's assignment of error is well-taken, as it pertains to the timeliness of the filing of the notice of appeal. Any other arguments regarding the court's lack of jurisdiction are hereby deemed moot.
 {¶ 20} The judgment of the Lucas County Court of Common Pleas is vacated because it is void and the Unemployment Compensation Review Commission's November 7, 2006 decision is reinstated. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT VACATED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Arlene Singer, J., William J. Skow, J. CONCUR.
[1] It is unclear from the record exactly what position Mr. Bastian held with Tru-Way, since nothing in his letter or the record indicates his level of authority. He is only generally referred to as a "representative" of the company.
[2] We note that R.C. 4141.281(D)(1) does provide for a "mailbox" rule, but applies to appeals within the administrative levels, not to appeals to the common pleas court. *Page 1