**ROHR, Appellant,**

v.

**OHIO DEPARTMENT OF ADMINISTRATIVE SERVICES, Appellee.**

Court of Common Pleas of Ohio,
Franklin County.

No. 00CVF12–11265.

Decided June 12, 2001.

*Steve J. Edwards,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Mark S. Anderson,* Assistant Attorney General, for appellee.

On Motion to Dismiss

NODINE MILLER, Judge.

I.  Procedural Background

On February 12, 2001, appellee, Ohio Department of Administrative Services ("DAS"), filed a motion to dismiss. On March 30, 2001, appellant, Brenda Rohr, filed a memorandum contra. On April 10, 2001, DAS filed a reply.

II.  Facts

Rohr was an office assistant for the Ohio Department of Agriculture. Her last day of work was August 27, 1999. Shortly thereafter, she filed an application for disability benefits and was approved for the period of September 14, 1999 through November 23, 1999. However, DAS denied further benefits, and Rohr appealed the decision. An administrative hearing was held on August 9, 2000, and an adjudication order denying further benefits was sent to Rohr via certified mail on December 11, 2000. The adjudication order contained the following statement:

"Where applicable, this decision may be appealed under the provisions of Chapters 124 and 119 of the Revised Code, by written notice of appeal setting forth the Order appealed from and the grounds of appeal, filed with the director of Administrative Services and the Franklin County Court of Common Pleas, within fifteen days after the mailing of this notice."

On December 22, 2000, Rohr filed the original notice of appeal with the Franklin County Common Pleas Court and a copy of the notice with DAS. Then, on February 12, 2001, DAS filed the instant motion to dismiss pursuant to Civ.R. 12(B)(6).

III.  Law and Analysis

In this case, DAS argues that, pursuant to R.C. 119.12, this court lacks jurisdiction over the instant appeal because Rohr failed to properly file the notice of appeal within the specified fifteen-day time frame. Specifically, DAS argues that Rohr filed the original notice of appeal with the court and *a copy* of the notice with DAS, in contravention of R.C. 119.12, which requires the original to be filed with DAS and a copy to be filed with the court. Therefore, DAS asserts that jurisdiction was not established within the required fifteen-day period, and, as a result, the case must be dismissed. In response, Rohr argues that R.C. 119.12 does not require the original notice of appeal to be filed with the DAS, or, in the alternative, that DAS failed to comply with R.C. 119.09 in its adjudication order.

A.  Original Notice of Appeal.

■ The procedure for appealing an adverse order of an administrative agency, such as DAS, is codified in R.C. 119.12. The statute states:

"Any party desiring to appeal *shall file a notice of appeal with the agency* setting forth the order appealed from and the grounds of the party's appeal. *A copy of such notice of appeal shall also be filed by the appellant with the court.* Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section."[1]

DAS argues that the foregoing language requires that the "original" notice of appeal must be filed with the administrative agency and that a "copy" must filed with the court. In response, Rohr argues that the foregoing language does not prescribe such a mandate; rather, it merely requires that identical notices of appeal be given to both the court and the agency.

In *Carnes v. Ohio Dept. of Commerce,*[2] the appellant also mistakenly filed the original notice of appeal with the court and a copy of the original with the agency. As a result, the trial court dismissed the case for failure to establish subject-matter jurisdiction. In upholding the trial court's decision, the Tenth District stated:

"Courts are not free to waive jurisdiction. [Carnes] failed to strictly adhere to the mandatory filing requirements of R.C. 119.12. Therefore, the trial court did not err in dismissing the appeal."[3]

Thus, pursuant to *Carnes*, the failure to file the "original" notice of appeal with the agency, within the fifteen-day period, constitutes a failure to establish subject-matter jurisdiction over the appeal in the court of common pleas. Therefore, Rohr's argument that the statute does not require the original to be filed with the agency is rejected.

B. Requirements of R.C. 119.09.

■ In the alternative, Rohr argues that the statement contained within the DAS's adjudication order failed to comply with the requirements of R.C. 119.09; therefore, pursuant to *Sun Refining & Marketing Co. v. Brennan,*[4] the fifteen-

---

1. R.C. 119.12 (emphasis added).

2. *Carnes v. Ohio Dept. of Commerce* (Aug. 31, 2000), Franklin App. No. 99AP–1439, unreported.

3. *Id.* at 3.

4. *Sun Refining & Marketing Co. v. Brennan* (1987), 31 Ohio St.3d 306, 31 OBR 584, 511 N.E.2d 112.

day appeal period has not commenced to run. In *Sun*, the Ohio Supreme Court stated:

"We hold that the fifteen-day appeal period in R.C. 119.12 does not commence to run until the agency whose order is being appealed fully complies with the procedural requirements set forth in R.C. 119.09." [5]

R.C. 119.09 states:

"After such order is entered on its journal, the agency shall serve by certified mail, return receipt requested, upon the party affected thereby, a certified copy of the order and a statement of the time and method by which an appeal may be perfected. A copy of such order shall be mailed to the attorneys or other representatives of record representing the party." [6]

■ Thus, R.C. 119.09 has four basic procedural requirements for an agency when giving notice of its adjudication order to a party affected thereby: (1) serve a certified copy of the order by certified mail upon the party, (2) include notice of the time in which an appeal may be perfected, (3) include notice of the method by which an appeal may be perfected, and (4) mail a copy of the order to the party's attorney or representative.

In this case, Rohr concedes that DAS complied with the first, second, and fourth requirements of the statute. However, she argues that DAS failed to comply with the third requirement because the adjudication order did not clearly state the "method by which an appeal may be perfected." Specifically, she notes that DAS's order failed to state that the "original" notice of appeal must be filed with DAS and that a "copy" must be filed with the court. Thus, the issue becomes whether R.C. 119.09 required DAS's adjudication order to include such a statement.

■ It is true, pursuant to *Carnes*, that the "original" notice of appeal must be filed with the administrative agency in order to vest the common pleas court with subject-matter jurisdiction over the appeal. As a result, a properly filed original notice is critical to the perfection of an administrative appeal. In addition, pursuant to R.C. 119.12, the window of opportunity for filing an administrative appeal is limited to fifteen days. Consequently, an improperly filed notice is generally not discovered until it is too late to correct the problem. Therefore, because time is of the essence when attempting to perfect an

---

**5.** *Id.* at 309, 31 OBR at 586, 511 N.E.2d at 115.

**6.** R.C. 119.09.

administrative appeal, this court holds that an agency's adjudication order does not properly state the "method by which an appeal may be perfected" (*i.e.,* does not comply with R.C. 119.09), unless it clearly and unambiguously indicates that the "original" notice of appeal must be filed with the agency and that a "copy" must be filed with the court.

In this case, the adjudication order stated that written notice of the appeal had to be "filed with the director of Services and the Franklin County Court of Common Pleas, within fifteen days after the mailing of this notice." However, as pointed out by Rohr, the order failed to indicate which of the two stated parties was to receive the "original" notice of appeal. As a result, DAS's adjudication order does not comply with the aforementioned requirement of R.C. 119.09. Therefore, pursuant to *Sun,* the fifteen-day appeal period in R.C. 119.12 has not commenced to run in the instant action.

## IV. Conclusion

For the foregoing reasons, DAS's motion to dismiss is *denied.* In addition, the fifteen-day appeal period will commence to run when DAS distributes a revised adjudication order that complies with R.C. 119.09 in a manner consistent with this opinion. At which point, Rohr may file a new notice of appeal within fifteen days after the date of mailing of DAS's revised order pursuant to R.C. 119.12.

It is so ordered.

*Judgment accordingly.*