DECISION. *Page 2 
{¶ 1} Eloise Campbell appeals the trial court's judgment that dismissed her administrative appeal of a decision by the Ohio Unemployment Compensation Review Commission ("Review Commission"). We conclude that her sole assignment of error is without merit, and we therefore affirm the judgment of the trial court.
 {¶ 2} On February 26, 2004, the Review Commission issued a decision disallowing Campbell's request for a review of the decision of a hearing officer for the Ohio Department of Job and Family Services ("JFS"). Campbell filed an appeal of the Review Commission's decision on March 16, 2004, in the Hamilton County Court of Common Pleas. She voluntarily dismissed her appeal on July 30, 2004. On April 26, 2005, Campbell filed in the common pleas court another appeal of the February 26 decision. The magistrate granted JFS's motion to dismiss the appeal, concluding that the statute of limitations for the appeal had lapsed. The common pleas court denied Campbell's objections to the magistrate's decision and entered judgment dismissing the appeal.
 {¶ 3} In her sole assignment of error, Campbell asserts that the trial court erred when it dismissed her appeal. Campbell acknowledges that she was required to appeal the Review Commission's decision within 30 days after receiving notice of the decision.[1] But she argues that under Civ.R. 41(A)(1) and R.C. 2305.19 ("the savings statute"), she was permitted to dismiss voluntarily her first timely appeal and to refile an appeal within one year of her voluntary dismissal.
 {¶ 4} In Schmieg v. Ohio State Dept. of Human Serv., the Tenth Appellate District considered whether the savings statute applied to an appeal of an *Page 3 
administrative decision of the Ohio Department of Human Services.[2]
Citing the statute's reference to actions "commenced or attempted to be commenced,"[3] the court concluded that the statute applied only to original actions, not appeals.[4] As further support for its view, the Tenth Appellate District cited Atcherly v. Dickinson, an Ohio Supreme Court decision in which the court had considered an earlier version of the savings statute and had concluded that it did not apply to proceedings in error.[5] We adopt the reasoning of the Tenth Appellate District and conclude that the statute does not apply to appeals. By extension, we hold that the savings statute did not apply to Campbell's appeal of the Review Commission's decision.
 {¶ 5} Our conclusion is not altered by Lewis v. Connor,[6] which Campbell points to in support of her argument. In that case, the Ohio Supreme Court held that the statute applied to an appeal from the Ohio Industrial Commission's decision in a workers' compensation case.[7]
But, as pointed out by the Tenth Appellate District, appeals from Industrial Commission decisions differ from administrative appeals because Industrial Commission decisions are reviewed de novo by the trial courts.[8] In contrast, the common pleas court's review in administrative appeals, including those appealing a Review Commission decision, is limited to whether the agency's decision is supported by the record.
 {¶ 6} We conclude that the savings statute does not apply to appeals of Review Commission decisions. The trial court properly dismissed Campbell's appeal *Page 4 
for being filed too late. The sole assignment of error is overruled, and we therefore affirm the judgment of the trial court.
Judgment affirmed. CUNNINGHAM and DINKELACKER, JJ., concur.
[1] See R.C. 4141.282(A).
[2] (Dec. 19, 2000), 10th Dist. No. 00AP-561.
[3] R.C. 2305.19(A).
[4] Schmieg, supra. See also, Woodward v. Ohio Dept. MentalRetardation Developmental Disabilities, 160 Ohio App.3d 246,2005-Ohio-1514, 826 N.E.2d 891.
[5] (1878), 34 Ohio St. 537.
[6] (1985), 21 Ohio St.3d 1, 487 N.E.2d 285.
[7] Id. at syllabus.
[8] Schmieg, supra. *Page 1