CHENAULT, Appellant,

v.

OHIO DEPARTMENT OF JOB AND FAMILY SERVICES et al., Appellees.

[Cite as *Chenault v. Ohio Dept. of Job & Family Servs.*,
194 Ohio App.3d 731, 2011-Ohio-3554.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 10AP–1113.

Decided July 19, 2011.

732

Daniel H. Klos, for appellant.

Michael DeWine, Attorney General, Velda K. Hofacker, Senior Assistant Attorney General, and Jennifer A. Adair, Associate Assistant Attorney General, for appellees.

BRYANT, Presiding Judge.

{¶ 1} Plaintiff-appellant, Danny Chenault, appeals from a judgment of the Ohio Court of Claims that both granted the Civ.R. 12(C) motion for judgment on the pleadings of defendants-appellees, Ohio Department of Job and Family Services ("ODJFS") and Ohio Unemployment Compensation Review Commission ("the commission"), and dismissed plaintiff's complaint. Because the Court of Claims

did not err in determining that it lacked subject-matter jurisdiction over plaintiff's claim, we affirm.

## I. Facts and Procedural History

{¶ 2} The factual allegations of plaintiff's amended complaint assert that plaintiff was an employee of Delphi who, in November 2007, was laid off from his position of employment. According to plaintiff, ODJFS issued an internal memorandum sometime in October 2006 instructing its employees to specifically advise claimants separated from Delphi of benefits available under Ohio law and under federal Trade Adjustment Assistance ("TAA") and Trade Readjustment Allowances ("TRA") programs. On November 2, 2007, plaintiff applied for benefits with ODJFS.

{¶ 3} Plaintiff's complaint asserts that on November 9, 2007, ODJFS mailed a notice to plaintiff advising that ODJFS scheduled plaintiff for a Benefit Right Information ("BRI") session on November 26, 2007, apparently a prerequisite to being able to receive federal benefits. The letter stated that one purpose of the meeting was to discuss plaintiff's TAA application. Plaintiff did not attend the BRI session because he already had plans to be out of town for the Thanksgiving holiday.

{¶ 4} Plaintiff's complaint states that plaintiff received a second notice, dated December 19, 2007, from ODJFS informing plaintiff of another meeting scheduled for January 3, 2008. The January meeting was not a BRI session but an assessment for reemployment and training services available to plaintiff. Plaintiff attended the January meeting where an ODJFS employee, Linda Taylor, conducted the assessment and determined that plaintiff had no barriers to reemployment that would require services or training.

{¶ 5} The complaint notes that federal law set forth in Section 2291, Title 19, U.S.Code includes a 16–week deadline from the time of separation from employment to enroll in an approved TRA training program, or obtain a waiver; plaintiff's deadline expired on February 24, 2008. According to his complaint, plaintiff telephoned ODJFS on February 25, 2008, to inquire about TAA and TRA benefits. An ODJFS employee, Sokuntheary Lim, informed plaintiff that he needed to schedule a BRI session but did not inform plaintiff that his 16–week eligibility period had expired. Plaintiff further alleges that no one at ODJFS informed him that he could have sought a 45–day extension to enroll in a training program and thus remain eligible for benefits. Both the 16–week deadline and the 45–day extension period expired, so that when plaintiff eventually sought TRA benefits, his request was denied as untimely. Plaintiff appealed the denial of TRA benefits to the commission, which disallowed plaintiff's claim as untimely.

{¶ 6} Rather than appeal to the common pleas court under the applicable statutory provisions, plaintiff filed a complaint on September 29, 2009, in the Court of Claims against ODJFS and the commission, followed by an amended complaint on October 9, 2009, asserting a single count of negligence against defendants. Plaintiff alleged that ODJFS was negligent in failing to investigate his status and to advise him to seek an extension of time. Plaintiff further alleged that as a result of the commission's denying his claim for benefits, plaintiff "suffered damages in the form of lost income, lost employment training[,] lost employment opportunities, injury to his creditworthiness and suffered embarrassment, humiliation and emotional distress." Defendants answered on November 12, 2009, asserting, among other defenses, that the Court of Claims lacked jurisdiction to hear plaintiff's claims and that plaintiff had failed to state a claim upon which relief can be granted.

{¶ 7} On September 13, 2010, defendants filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C), which plaintiff opposed. The Court of Claims journalized an entry of dismissal on November 3, 2010, granting defendants' motion for judgment on the pleadings and dismissing plaintiff's complaint. The Court of Claims concluded that it was without subject-matter jurisdiction to hear plaintiff's complaint because plaintiff's complaint essentially challenges the commission's decision denying him unemployment benefits, a matter properly pursued through an administrative appeal rather than through an independent action in the Court of Claims. The court further concluded that even if plaintiff's claim sounded in ordinary negligence, plaintiff failed to state a claim upon which relief can be granted because of the economic-loss rule.

## II. Assignments of Error

{¶ 8} Plaintiff timely appeals, assigning the following errors:

I. The Court erred when it determined the Plaintiff attempted to circumvent the appeal to an administrative agency to avoid statutory jurisdictional requirements governing administrative appeals[.]

II. The Court erred when it determined the Plaintiff had a statutory right to appeal a determination by the Unemployment Compensation Review Commission that his request for a waiver was untimely under the TRA by appealing to the Court of Common Pleas[.]

III. The Court erred when it determined that Appellant failed to state a claim because Plaintiff's complaint sounded only in pure economic loss[.]

Because plaintiff's first and second assignments of error are interrelated, we address them jointly.

## III. Standard of Review

{¶ 9} A Civ.R. 12(C) motion for judgment on the pleadings is specifically for resolving questions of law. *State ex rel. Montgomery v. Purchase Plus Buyer's Group, Inc.* (Apr. 25, 2002), 10th Dist. No. 01AP–1073, 2002 WL 723707, citing *State ex rel. Midwest Pride IV, Inc. v. Pontious* (1996), 75 Ohio St.3d 565, 570, 664 N.E.2d 931. In ruling on the motion, the trial court is permitted to consider both the complaint and answer, but must construe as true all the material allegations of the complaint, drawing all reasonable inferences in favor of the nonmoving party. Id.; *Whaley v. Franklin Cty. Bd. of Commrs.* (2001), 92 Ohio St.3d 574, 581, 752 N.E.2d 267. In order to grant the motion, the court must find beyond doubt that the nonmoving party can prove no set of facts that would entitle him or her to relief. *McCleland v. First Energy*, 9th Dist. No. 22582, 2005-Ohio-4940, 2005 WL 2291881, ¶ 6. We review de novo the appropriateness of a decision granting judgment on the pleadings. *Fontbank, Inc. v. CompuServe, Inc.* (2000), 138 Ohio App.3d 801, 807, 742 N.E.2d 674.

## IV. First and Second Assignments of Error—Jurisdiction

{¶ 10} Plaintiff's first assignment of error asserts that the Court of Claims erred in concluding that plaintiff attempted to circumvent the administrative-appeals process; his second assignment of error contends that the Court of Claims erred in determining that plaintiff had a statutory right to pursue an administrative appeal of his denial of benefits rather than an original action in the Court of Claims. Taken together, plaintiff's first two assignments of error maintain that the Court of Claims erred in determining it lacked subject-matter jurisdiction over plaintiff's claim.

{¶ 11} An applicant seeking unemployment benefits applies for benefits and submits information to ODJFS to support his or her claim. *McGee v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 09AP–680, 2010-Ohio-673, 2010 WL 661047, ¶ 9. Initially, the director of ODJFS makes findings of fact and conclusions of law as to whether a discharged employee is entitled to unemployment benefits. Id., citing R.C. 4141.28(B). The director's decision is subject to an appeal to the commission for a de novo hearing. Id., citing R.C. 4141.281(C)(1) and (3). If a party is unsatisfied with the commission's final determination, the party may appeal that decision to the appropriate court of common pleas. Id. at ¶ 10, citing R.C. 4141.282(H).

{¶ 12} Plaintiff does not dispute that he was entitled to and received an appeal to the commission regarding the director's decision denying him benefits, as a result of which the commission affirmed the denial of benefits because plaintiff's claim was untimely. Plaintiff also does not dispute that a party unsatisfied with a decision of the commission ordinarily should appeal the decision to the common

pleas court. Plaintiff instead argues that because the factual record indisputably shows that plaintiff untimely made his claims for unemployment benefits, any reviewing court would be compelled to affirm the denial of benefits due to what plaintiff characterizes as the limited review those courts statutorily conduct. Because of the perceived inadequacy in the administrative appeals process, plaintiff argues, pursuing the administrative review process would have been futile.

### A. The Claims–Review Process

{¶ 13} To support his contentions, plaintiff notes the claims-review process under Ohio law. Purely factual determinations are primarily within the province of the hearing officer and commission. *Irvine v. Unemployment Comp. Bd. of Rev.* (1985), 19 Ohio St.3d 15, 17, 19 OBR 12, 482 N.E.2d 587. The claimant has the burden of proving his or her entitlement to unemployment-compensation benefits under the law. Id. Upon appeal to the court of common pleas, "[t]he court shall hear the appeal on the certified record provided by the commission. If the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission." R.C. 4141.282(H). An appellate court applies the same standard of review as the common pleas court. *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Servs.* (1995), 73 Ohio St.3d 694, 696, 653 N.E.2d 1207.

{¶ 14} The courts' scope of review thus is limited. A court may not make factual determinations or substitute its judgment for that of the commission. *Irvine,* 19 Ohio St.3d at 18, 482 N.E.2d 587. Where the commission might reasonably decide either way, the courts have no authority to change the commission's decision. Id. Although appellate courts are not permitted to make factual findings or determine the credibility of witnesses, they have the duty to determine whether the record contains evidence to support the commission's decision. *Tzangas,* 73 Ohio St.3d at 696, 653 N.E.2d 1207.

{¶ 15} Given those restrictions, plaintiff argues that had he followed the proper procedure and appealed the commission's decision to the common pleas court, the common pleas court would have had no choice but to affirm the commission's decision denying his benefits because, as plaintiff acknowledges, he was untimely in his request for benefits.

### B. Applied to Plaintiff

{¶ 16} Plaintiff's argument under his first two assignments of error stems from his failure to appreciate the common pleas court's scope of review of

an administrative decision. Although a common pleas court may not make its own factual findings, the common pleas court has a duty to determine whether the decision of the commission was unreasonable. R.C. 4141.282(H). Plaintiff could have argued first to the director and commission, and then to the common pleas court and appellate court, that ODJFS was negligent in informing him of the deadlines for his applications and in handling his overall claim. Defendants, as well as the reviewing courts, properly could have considered those arguments in determining whether the commission's denial of benefits was reasonable. See *Bungard v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 07AP–447, 2007-Ohio-6280, 2007 WL 4171105, ¶ 21 (where the plaintiffs "had the opportunity to challenge the child support determinations at issue through an appellate process that is set forth in both statutes and administrative rules," a process that is "broad and encompasses the [negligence] issues raised in plaintiffs' complaint," the plaintiffs could not maintain a cause of action for negligence in the Court of Claims against ODJFS). Thus, plaintiff's argument that the statutory administrative appeals process did not provide an effective remedy is unpersuasive.

{¶ 17} Indeed, this court previously considered similar scenarios and determined that the Court of Claims lacks subject-matter jurisdiction when the thrust of the complaint is review of a state agency's administrative determination. In *Bungard,* 2007-Ohio-6280, 2007 WL 4171105, the plaintiffs had brought suit against ODJFS in the Court of Claims, alleging causes of action for negligence, negligence per se, breach of contract, breach of fiduciary duty, and violations of Ohio's Consumer Sales Practices Act. The crux of the claims was "that ODJFS failed to adequately execute its duties to establish and regulate the child support enforcement agencies, and consequently failed to ensure the proper collection, enforcement, and distribution of child support monies" as applicable statutes required. Id. at ¶ 7. After noting that "no individual can bring a lawsuit against the state or one of its agencies unless the General Assembly has permitted the lawsuit," we concluded that the Court of Claims lacked subject-matter jurisdiction over the plaintiffs' complaint because the plaintiffs did "not cite to any statute that gives aggrieved individuals a private claim for relief against ODJFS." Id. at ¶ 5, 7.

{¶ 18} Similarly, in *George v. Ohio Dept. of Human Servs.*, 10th Dist. No. 04AP–351, 2005-Ohio-2292, 2005 WL 1109658, a class of plaintiffs brought suit against the Ohio Department of Human Services, alleging that "ODHS improperly denied them Medicaid benefits" stemming from "ODHS' disregard for the Ohio Administrative Code provisions enacted to implement the Medicare Catastrophic Coverage Act of 1988." Id. at ¶ 2. We concluded that although the plaintiffs in *George* crafted their complaint as an action for monetary damages, "plaintiffs'

action is in reality an appeal of the ODHS' Medicaid eligibility determinations."
Id. at ¶ 31.

{¶ 19} In reaching that decision, we noted that "the right to dispute the validity of an administrative decision is only conferred by statute and, if such a statutory right exists, the party aggrieved by the administrative decision can only seek an appeal via the method articulated in the statute." Id. at ¶ 32. Accordingly, we determined that both Ohio statute and administrative rules provided the appellate process available to challenge ODHS's eligibility determinations. Id. Reiterating that "[a]n action in the Court of Claims cannot become a substitute for a statutorily created right of appeal [of an administrative decision] in a different court," we concluded that the Court of Claims lacked subject-matter jurisdiction to hear the plaintiffs' action. Id. at ¶ 35, quoting *Swaney v. Bur. of Workers' Comp.* (Nov. 10, 1998), 10th Dist. No. 98AP–299, 1998 WL 808457.

{¶ 20} Here, although plaintiff asserts that his claim is one for damages, he actually seeks review and reversal of the commission's decision to deny him certain unemployment benefits. Under R.C. 4141.282, plaintiff was required to perfect his appeal of the commission's decision by filing a notice of appeal in the common pleas court. Creative pleading cannot overcome the general rule that "[w]hen a statute confers the right to appeal, the statutory provisions solely govern perfecting such an appeal." *Calo v. Ohio Real Estate Comm.,* 10th Dist. No. 10AP–595, 2011-Ohio-2413, 2011 WL 1988414, ¶ 35, citing *Hansford v. Steinbacher* (1987), 33 Ohio St.3d 72, 514 N.E.2d 1385. See also *Bailey v. Ohio Dept. of Admin. Servs.* (Mar. 5, 2002), 10th Dist. No. 01AP–1062, 2002 WL 338234 ("regardless of how plaintiff characterizes his claim against [the administrative agency], plaintiff is seeking a determination that [the administrative agency] wrongly denied him disability benefits," so plaintiff could and should have raised any errors in an administrative appeal to the common pleas court, as "the Court of Claims lacks appellate jurisdiction to review [administrative] decisions").

{¶ 21} The Court of Claims did not err in determining that it lacked subject-matter jurisdiction to hear plaintiff's complaint. Plaintiff's first and second assignments of error are overruled, rendering plaintiff's third assignment of error moot.

## V. Disposition

{¶ 22} In summation, the Court of Claims did not err in determining that it lacked subject-matter jurisdiction to hear plaintiff's complaint and in dismissing plaintiff's negligence claim against defendants. Accordingly, we overrule plain-

tiff's first and second assignments of error, rendering moot plaintiff's third assignment of error, and we affirm the judgment of the Ohio Court of Claims.

Judgment affirmed.

TYACK and CONNOR, JJ., concur.