[Cite as *Crawford v. United Dairy Farmers, Inc.*, 2013-Ohio-5047.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| TYCELIA CRAWFORD | : | |
| | : | Appellate Case No. 25786 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 2013-CV-2519 |
| v. | : | |
| | : | |
| UNITED DAIRY FARMERS, INC., et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 15th day of November, 2013.

. . . . . . . . . .

TYCELIA CRAWFORD, 114 Indianola Avenue, Dayton, Ohio 45405
        Plaintiff-Appellant, *pro se*

MICHAEL DeWINE, by DAVID E. LEFTON, Atty. Reg. #0029438, Ohio Attorney General's Office, Health & Human Services Section, Unemployment Compensation Unit, 30 East Broad Street, 26th Floor, Columbus, Ohio 43215
        Attorney for Defendant-Appellee, Ohio Department of Job & Family Services

NEAL SHAH, Atty. Reg. #0082672, Frost, Brown, Todd LLC, 3300 Great American Tower, 301 East Fourth Street, Cincinnati, Ohio 45202
        Attorney for Defendant-Appellee, United Dairy Farmers, Inc.

. . . . . . . . . . . .

FAIN, P.J.

{¶ 1}    Appellant Tycelia Crawford appeals from the dismissal of her administrative

appeal from the denial of her claim for unemployment benefits. We conclude that Crawford failed to file her appeal in the Montgomery County Common Pleas Court until more than 30 days after the final decision of the Unemployment Compensation Review Commission. Pursuant to R.C. 4141.282(A), the appeal was properly dismissed by the trial court as being untimely. Accordingly, the judgment of the trial court is Affirmed.

**I.  Crawford's Administrative Appeal from the Denial of her Application for Unemployment Benefits Is Dismissed as Untimely, and She Appeals to this Court**

{¶ 2}    Crawford was discharged from her employment at United Dairy Farmers (UDF) in 2012. Her application for unemployment benefits was originally granted. But in February 2012, the Ohio Department of Job and Family Services Review Commission rendered a decision reversing the grant of benefits, upon a finding that Crawford's employment was terminated due to an act of dishonesty. Crawford requested a review of that decision. The denial was affirmed by the Review Commission, which mailed its final decision on March 7, 2013. Crawford then filed a notice of administrative appeal with the Montgomery County Court of Common Pleas on April 24, 2013. Her notice of appeal stated that she disagreed with the decision to deny her unemployment benefits.

{¶ 3}    The Ohio Department of Jobs and Family Services (ODJFS) and UDF filed motions to dismiss the appeal upon the ground that Crawford had not filed a timely notice of appeal. By entry, the trial court allowed Crawford to respond to the motions by May 24, 2013. Crawford did not file any response, and the court granted the motions to dismiss Crawford's administrative appeal. From the dismissal of her administrative appeal, Crawford appeals to this

court.

## II.   The Trial Court Correctly Dismissed Crawford's Untimely

## Administrative Appeal for Lack of Jurisdiction

{¶ 4}   Although Crawford has not set forth any assignments of error, as required by App.R. 16(A)(3), we infer Crawford's sole assignment of error to be:

{¶ 5}   THE COMMON PLEAS COURT ERRED BY DISMISSING CRAWFORD'S ADMINISTRATIVE APPEAL.

{¶ 6}   Crawford's brief on appeal is somewhat difficult to understand.  It states, in its entirety, as follows:

> I Tycelia Crawford appealing [sic] because my first appeal was file [sic] late being I sent the first appeal to Unemployment Compensation Review Commission.  As of March 21, after my case was terminated as of March 19, 2013 in Butler court since the was dismiss [sic] I though [sic] that my unemployed [sic] could be reversed [sic] not knowing that the motion for appeal had to be filed in civil court.  Thats [sic] why asking [sic] that my unemployment be granted at this time.

{¶ 7}   We assume that Crawford is arguing that her administrative appeal should not have been dismissed, because she mistakenly filed her notice of administrative appeal from the final decision of the Unemployment Review Commission with ODJFS rather than in the common pleas court.  We note that there is nothing in the record before us to support this claim.

{¶ 8}   Our review of the dismissal of Crawford's administrative appeal for lack of

subject-matter jurisdiction is de novo. *Yu v. Zhang,* 175 Ohio App.3d 83, 88, 2008–Ohio–400, 885 N.E.2d 278, 282 (2d Dist.2008). R.C. 4141.282(A) states that "[a]ny interested party, within 30 days after written notice of the final decision of the unemployment compensation review commission was sent to all interested parties, may appeal the decision of the commission to the court of common pleas." R.C. 4141.282(C) states that "[t]he timely filing of the notice of appeal shall be the only act required to perfect the appeal and vest jurisdiction in the court."

{¶ 9} The Supreme Court of Ohio has stated that "[a]n appeal, the right of which is conferred by statute, can be perfected only in the mode prescribed by statute. The exercise of the right conferred is conditioned upon compliance with the accompanying mandatory requirements." *McCruter v. Board of Review, Bureau of Employment Services,* 64 Ohio St.2d 277, 279, 415 N.E.2d 259, 260 (1980), quoting *Zier v. Bureau of Unemployment Comp.*, 151 Ohio St. 123, 84 N.E.2d 746 (1949). Several appellate courts have held that administrative appeals of unemployment compensation claims have been properly dismissed when the appellant failed to file the notice of appeal with the common pleas court within the 30-day time limit set by statute. *Tru-Way Design & Eng., Inc. v. Wilson*, 6th Dist. Lucas No. L-07-1240, 2008-Ohio-475; *Makris v. Unemp. Comp. Rev. Comm.*, 11th Dist. Mahoning No. 11 MA 105, 2013-Ohio-2317; and *Campbell v. Valley Homes Mut.,* 1st Dist. Hamilton No. C-060424, 2007-Ohio-1490.

{¶ 10} Crawford did not file her notice of appeal until more than forty days after the final decision of the Review Commission was "sent to all interested parties." Thus, her appeal was not timely. The fact that she erroneously sent the notice of appeal to the Review Commission (which is not a fact that can be established from the record before us) does not cure that jurisdictional defect. Therefore, we conclude that the court did not err in dismissing

Crawford's administrative appeal.

{¶ 11}   Crawford's sole assignment of error is overruled.

### III.   Conclusion

{¶ 12}   Crawford's sole assignment of error having been overruled, the judgment of the

court of common pleas is Affirmed.

. . . . . . . . . . . . .

HALL and GALLAGHER, JJ., concur.

(Hon. Eileen A. Gallagher, Eighth District Court of Appeals, sitting by assignment of the Chief
Justice of the Supreme Court of Ohio).

Copies mailed to:

Tycelia Crawford
Michael DeWine
David E. Lefton
Neal Shah
Hon. Timothy N. O'Connell