[Cite as *Evergreen S.W. Behavioral Health Servs., L.L.C. v. Clark*, 2014-Ohio-2843.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| EVERGREEN SOUTHWEST BEHAVIORAL HEALTH SERVICES, LLC, | : | APPEAL NO. C-130149 |
| | : | TRIAL NOS.  A-1204235 |
| | | A-1204237 |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| | : | |
| vs. | : | |
| MICHAEL R. CLARK, | : | |
| and | : | |
| DIRECTOR, OHIO DEPARTMENT OF JOB AND FAMILY SERVICES, | : | |
| Defendants-Appellees. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed from is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  June 30, 2014

*Webster & Associates, Co., LPA, Geoffrey E. Webster* and *Bryan M. Pritikin,* for Plaintiff-Appellant,

*Jacobs, Kleinman, Seibel & McNally* and *Mark J. Byrne*, for Defendant-Appellee Michael R. Clark,

*Michael DeWine,* Ohio Attorney General, and *Robin A. Jarvis,* Assistant Attorney General, for Defendant-Appellee Ohio Department of Job and Family Services.

Please note:  this case has been removed from the accelerated calendar.

**CUNNINGHAM, Presiding Judge.**

{¶1}    Evergreen Southwest Behavioral Health Services, LLC ("Evergreen"), appeals from the trial court's judgment that adopted a magistrate's decision that effectively dismissed with prejudice Evergreen's administrative appeal for failure to prosecute.  In its sole assignment of error, Evergreen argues that the trial court erred by adopting the magistrate's decision because the dismissal with prejudice was not warranted and because the trial court failed to independently review the matters in the magistrate's decision that it had objected to.

{¶2}    Because the trial court failed to independently review the objected to matters in the magistrate's decision as required by Civ.R. 53(D)(4)(d), we sustain the assignment of error without addressing the merits of whether the dismissal was warranted.  Accordingly, we reverse the trial court's judgment and remand the cause for the trial court to independently review the matters.

## I. Background Facts and Procedure

{¶3}    Evergreen employed Michael R. Clark as an R.N. and shift supervisor. The employment relationship eventually ended, and Clark filed a claim for unemployment benefits.   The Ohio Department of Job and Family Services ("JFS") allowed Clark's application for the benefits.  Evergreen unsuccessfully appealed that decision administratively, and eventually filed an appeal in the Hamilton County Court of Common Pleas on May 25, 2012.[1]

{¶4}    The case was assigned to a magistrate.  Evergreen moved for summary judgment on August 22, 2012.  On November 5, 2012, the magistrate issued a decision dismissing the case under Civ.R. 41(B)(1) "without prejudice" due to

---

[1] Evergreen filed two appeals from the same decision of the Unemployment Compensation Review Commission.  Those two appeals were consolidated in the case numbered A-1204235.

Evergreen's failure to prosecute, because he found that counsel for Evergreen had failed to appear in court for a case-management conference scheduled on October 11, 2012, and for an appearance or dismissal hearing scheduled on November 1, 2012.

{¶5} Evergreen filed timely objections to the magistrate's decision. It challenged the magistrate's determination that it had failed to prosecute, contending that it had not received notice of the October 11 conference and that it had missed the court's calling of the case on November 1 because it had believed, apparently erroneously, that the case would be called in the order listed on the court's daily docket.

{¶6} Evergreen further contended that the magistrate's dismissal of the case under the circumstances was erroneous as a matter of law. Evergreen noted that the dismissal without prejudice of the administrative appeal effectively served as a dismissal with prejudice. *See Campbell v. Valley Homes Mut.*, 1st Dist. Hamilton No. C-060424, 2007-Ohio-1490; *Schmieg v. Ohio State Dept. of Human Serv.*, 10th Dist. Franklin No. 00AP-561, 2000 Ohio App. LEXIS 5949 (Dec. 19, 2000). It argued that the case law did not support the imposition of that harsh sanction under the facts of the case.

{¶7} In support of this argument, Evergreen quoted from *Sazima v. Chalko*, 86 Ohio St.3d 151, 712 N.E.2d 729 (1999), in which the Supreme Court set forth guidelines for the trial court's dismissal of a case with prejudice under Civ.R. 41(B)(1). The *Sazima* court stated that "in considering dismissal under Civ.R. 41(B)(1), a court may properly take into account the entire history of the litigation, including plaintiff's dilatory conduct in a previously filed, and voluntarily dismissed, action." *Id.* at 158. The court emphasized, however, that " 'the extremely harsh sanction of dismissal should be reserved for cases when an attorney's conduct falls

3

substantially below what is reasonable under the circumstances evidencing a complete disregard for the judicial system or the rights of the opposing party.' " *Id.*, quoting *Moore v. Emmanuel Family Training Ctr., Inc.*, 18 Ohio St.3d 64, 69, 479 N.E.2d 879 (1985). Thus, the court indicated that dismissal with prejudice should be reserved for those cases in which the conduct of the party can be characterized as "so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order." (Internal citations omitted). *Id.* The *Sazima* court warned that "absent such extreme circumstances, a court should first consider lesser sanctions before dismissing a case with prejudice," noting the basic tenet of Ohio law "that cases should be decided on their merits." *Id.*

{¶8} In ruling on Evergreen's objections, the trial court conducted a review of some of the challenged facts, but then mischaracterized the objections as concerning only "an administrative, discretionary decision of the Magistrate to dismiss the case without prejudice for counsel's failure to appeal," and further stated that the objections did not relate "to a finding of fact or a conclusion of law." According to the trial court, "[g]ranting the Objections under such circumstances would effectively interfere in the Magistrate's management and administration of his own docket," an act that the court "[wa]s not inclined to do absent an abuse of discretion."

## II. Analysis

{¶9} Our resolution of this appeal turns on the application of Civ.R. 53(D)(4)(d). This rule provides, in relevant part, that "[i]f one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on those objections, the court *shall* undertake *an independent review* as to the

4

objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." (Emphasis added.)

{¶10} Thus, the trial court was required to independently review the facts related to Evergreen's failure to appear and then determine, taking into account the entire history of the litigation, whether the sanction of dismissal was warranted, or whether a lesser sanction should be imposed, in accordance with the guidelines set forth in *Sazima*.

{¶11} In this case, the trial court misconstrued Evergreen's objections and applied an abuse of discretion standard of review to the magistrate's decision. The court also failed to correct the magistrate's erroneous understanding of the effect of the dismissal. Thus, the court overruled the objections and adopted the magistrate's decision without conducting the proper independent review required by Civ.R. 53(D)(4)(d).

## III. Conclusion

{¶12} Based on the record, we can only conclude that the trial court did not independently review the matters in the magistrate's decision that Evergreen had objected to in order to ascertain that the magistrate had properly determined the factual issues and had appropriately applied the law. Therefore, the trial court failed to conduct the independent review required by Civ.R. 53(D)(4)(d). Accordingly, we reverse the trial court's decision and remand the cause for proceedings consistent with the law and this opinion.

*Judgment reversed and cause remanded.*

**FISCHER** and **DEWINE, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.