[Cite as *Cogley v. Ohio Unemp. Rev. Comm.*, 2022-Ohio-1867.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Michael Cogley, | : | |
| Plaintiff-Appellant, | : | No. 21AP-334 |
| | | (C.P.C No. 21CV-2929) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio Unemployment Review Commission et al., | : | |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on June 2, 2022

**On brief:** *Michael Cogley*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *Melissa L. Wilburn*, for appellee The Ohio Department of Job & Family Services.

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Plaintiff-appellant, Michael Cogley, appeals from an order of the Franklin County Court of Common Pleas dismissing the case.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} A national emergency was declared on March 13, 2020 because of the COVID-19 pandemic and, in response, Congress passed and the President signed into law the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The Pandemic Unemployment Assistance ("PUA") program is a component of the CARES Act, and provides unemployment benefits to individuals not otherwise eligible for state unemployment benefits. PUA funding flows from the U.S. Department of Labor ("DOL") to the individual states. The Ohio Department of Job and Family Services ("ODJFS")

administered the PUA claims based on Ohio unemployment compensation laws. The amount of PUA benefits is the same weekly benefit amount as calculated under the Ohio unemployment compensation law, except that the minimum weekly benefit shall be $189. On March 28, 2020, the state of Ohio and the DOL entered into an agreement implementing pandemic benefits.

{¶ 3} On May 12, 2020, appellant filed for PUA unemployment benefits. ODJFS issued a determination dated May 18, 2020 allowing the application with a weekly PUA amount of $189. On May 15, 2020, appellant appealed the benefit amount and, for the first time, submitted his tax returns to ODJFS. On June 5, 2020, ODJFS issued a corrected determination that the PUA weekly amount should be $409, based on the gross income reported on the tax returns. Appellant began to receive $409 each week.

{¶ 4} On December 25, 2020, ODJFS issued a corrected determination, and set the weekly amount at $189. ODJFS determined that the benefit amount should have been based on net income instead of gross income, and that appellant had been overpaid in the amount of $8,580.

{¶ 5} Appellant filed an appeal regarding the determination with ODJFS on January 27, 2021. On January 28, 2021, ODJFS transferred the appeal to the Unemployment Compensation Review Commission ("UCRC") pursuant to R.C. 4141.281(B), and a telephonic hearing was held on March 11, 2021. On March 12, 2021, the hearing officer issued a decision, which found that $189 was the proper PUA weekly benefit amount and waived the overpayment.

{¶ 6} On March 26, 2021, appellant filed a request for review of the decision with the UCRC, and a decision disallowing request for review ("DDRR") was issued on April 7, 2021. The DDRR is a final decision, and, pursuant to R.C. 4141.282, appellant had 30 days, or until May 7, 2021, to file an administrative appeal with the Franklin County Court of Common Pleas. On May 11, 2021, appellant filed a document in the trial court styled as "Complaint: Appeal to Common Pleas Court" which included the language "this appeal is being taken from the order of the Unemployment Review Commission in Claim H-2021002113" and "[t]his court has jurisdiction of this appeal under the provisions of R.C. § 4141.28." (May 11, 2021 Notice of Appeal at 2.)

{¶ 7} On June 7, 2021, the trial court dismissed the appeal because it was filed 34 days after the mailing date of the DDRR. On July 2, 2021, appellant filed an appeal with this court. On July 21, 2021, appellant filed his brief prior to the trial court record being filed.

## II. ASSIGNMENTS OF ERROR

{¶ 8} Appellant assigns the following as trial court error:

1. The trial court erred by changing the case classification from civil and criminal to administrative appeal.

2. The trial court erred by dismissing Plaintiff's case when Plaintiff had standing for original action.

3. The trial court erred by dismissing the jurisdictional issues.

4. The trial court erred by ignoring or misapplying State statutes, Federal regulations regarding Plaintiff's participation in a Federal unemployment program.

5. The trial court erred by ignoring court precedent.

6. The trial court erred by ignoring the agreement between the State and Federal Government regarding plaintiff's participation in a Federal unemployment program.

7. The trial court erred by ignoring the criminal element of the case.

## III. STANDARD OF REVIEW

{¶ 9} An appellate court adopts a de novo review of the dismissal of an administrative appeal.

## IV. LEGAL ANALYSIS

{¶ 10} Because assignments of error one through seven are related, we address them together. Taken collectively, appellant's assignments of error maintain that the trial court erred in determining that it lacked subject-matter jurisdiction over his claim. We disagree.

{¶ 11} On May 11, 2021, appellant filed a document that the trial court treated as an appeal of the DDRR. Appellant asserts the document is a complaint, and he is entitled to an original action based on federal law preemption. Appellant mistakenly believes that the

DOL has exclusive jurisdiction of his claim after he appealed his initial PUA benefit award. However, the CARES Act, in addressing PUA appeals, states:

> (5) Appeals by an individual.
>
> (A) In general. An individual may appeal any determination or redetermination regarding the rights to pandemic unemployment assistance under this section made by the State agency of any of the States.
>
> (B) Procedure. All levels of appeal filed under this paragraph in the 50 states, the District of Columbia, the Commonwealth of Puerto Rico, and the Virgin Islands—
>
> (i) shall be carried out by the applicable State that made the determination or redetermination; and
>
> (ii) shall be conducted in the same manner and to the same extent as the applicable State would conduct appeals of determinations or redeterminations regarding rights to regular compensation under State law.

15 U.S.C. 9021(c)(5). "The provisions of the applicable state law that apply to claims for PUA include," in relevant part, "[d]eterminations, redeterminations, appeals, and hearings." (Apr. 5, 2020 U.S. Department of Labor, Unemployment Insurance Program Letter No. 16-20 at I-9.); 20 C.F.R. 625.11. ODJFS must follow state unemployment compensation law in administering PUA appeals. The UCRC is the agency tasked with hearing unemployment compensation appeals, and is the proper forum for PUA appeals. R.C. 4141.28. There is no DOL involvement, and no basis for an independent action involving the DOL in the trial court or any other court. Appellant does not provide any legal support for his position. The trial court correctly categorized appellant's actions as an appeal, and changed the case designation from a civil complaint to an administrative appeal.

{¶ 12} "[I]f a party is unsatisfied with the commission's final determination, the party may appeal that decision to the appropriate court of common pleas." *Chenault v. Ohio Dept. of Job & Family Servs.,* 194 Ohio App.3d 731, 2011-Ohio-3554, ¶ 11 (10th Dist.). R.C. 4141.282(A) states that "[a]ny interested party, within thirty days after written notice of the final decision of the unemployment compensation review commission was sent to all interested parties, may appeal the decision of the commission to the court of common

pleas." "The timely filing of the notice of appeal shall be the only act required to perfect the appeal and vest jurisdiction in the court." R.C. 4141.282(C). "When a statute is plain and unambiguous on its face, we need not resort to the rules of statutory construction; we must assume that the General Assembly meant what it said." *Pryor v. Dir., Ohio Dept. of Job & Family Servs.,* 148 Ohio St.3d 1, 2016-Ohio-2907, ¶ 14.

{¶ 13} "An appeal, the right of which is conferred by statute, can be perfected only in the mode prescribed by statute. The exercise of the right conferred is conditioned upon compliance with the accompanying mandatory requirements." *McCruter v. Board of Review, Bur. of Emp. Servs.,* 64 Ohio St.2d 277, 279 (1980). Time and time again the courts of Ohio have held that "administrative appeals of unemployment compensation claims have been properly dismissed when the appellant failed to file the notice of appeal with the common pleas court within the 30-day time limit set by statute." *Crawford v. United Dairy Farms, Inc.,* 2d Dist. No. 25786, 2013-Ohio-5047, ¶ 9. *See Tru-Way Design & Eng., Inc. v. Wilson,* 6th Dist. No. L-07-1240, 2008-Ohio-475 (delays in mail delivery will not extend filing time where employer mailed the notice of appeal within 30 day time limitation but it was not filed until after the appeal period had expired); *Makris v. Unemp. Comp. Rev. Comm.,* 11th Dist. No. 11 MA 105, 2013-Ohio-2317 (trial court properly granted employer's motion to dismiss appeal filed 83 days after UCRC issued final decision for lack of subject-matter jurisdiction); and *Campbell v. Valley Homes Mut.,* 1st Dist. No. C-060424, 2007-Ohio-1490 (employee is required to appeal a final decision of the UCRC within 30 days and R.C 2305.19, the savings statute, does not apply to unemployment appeals).

{¶ 14} Here, while appellant asserts that his claim should be before the DOL, he actually seeks "review and reversal of the commission's decision to deny him certain unemployment benefits." *Chenault, supra,* at ¶ 20. "Creative pleading cannot overcome the general rule that '[w]hen a statute confers the right to appeal, the statutory provisions solely govern perfecting such an appeal.' " *Id.,* quoting *Calo v. Ohio Real Estate Comm.,* 10th Dist. No. 10AP-595, 2011-Ohio-2413, ¶ 35. "[R]egardless of how plaintiff characterizes his claim against [the administrative agency], plaintiff is seeking a determination that [the administrative agency] wrongly denied him disability benefits. Any errors could and should have been raised" in an administrative appeal to the common pleas court. *Bailey v. Ohio Dept. of Admin. Servs.,* 10th Dist. No. 01AP-1062, 2002 Ohio App. LEXIS 909, *5 (Mar. 5,

2002). The only recourse available to appellant was to appeal to the Franklin County Court of Common Pleas, and that avenue was foreclosed due to his untimely filing.

{¶ 15} Appellant's actions are consistent with filing an appeal. The record indicates that appellant sought an administrative appeal, pursuant to R.C. 4141.282, from the April 7, 2021 UCRC final decision. Appellant filed his appeal on May 11, 2021. The trial court found that appellant did not file his appeal within 30 days from the date of mailing as required by R.C. 4141.282(A), and that the court lacked subject-matter jurisdiction over the case.

{¶ 16} It must be noted that R.C. 4141.282(I) provides that "[i]f an appeal is filed after the thirty-day appeal period, the court of common pleas shall conduct a hearing to determine whether the appeal was timely filed under division (D)(9) of section 4141.281 of the Revised Code. At the hearing, additional evidence may be introduced and oral arguments may be presented regarding the timeliness of the filing of the appeal."

{¶ 17} Appellant does not raise as an assignment of error that he is entitled to a hearing, and did not object to the lack of a hearing or raise any additional issues regarding the timeliness of the appeal. Appellant's failure to object or raise any additional issues before the trial court serves a waiver for appellate review of any issue not properly preserved. *State v. Eversole,* 182 Ohio App.3d 290, 2009-Ohio-2174 (2d. Dist.). We find that appellant did not properly preserve any issues regarding the trial court extending the time for filing an administrative appeal

{¶ 18} Appellant's seven assignments of error are overruled.

## V. CONCLUSION

{¶ 19} Because the trial court properly determined that it lacked jurisdiction over the administrative appeal, we overrule appellant's seven assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER and NELSON, JJ., concur in judgment only.

NELSON, J., retired, formerly of the Tenth Appellate District, assigned to active duty under authority of Ohio Constitution, Article IV, Section 6(C).

_____